[Cite as *State v. Barrett*, 2011-Ohio-2303.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                  :

    Plaintiff-Appellee                 :          C.A. CASE NO.    24150

v.                                             :          T.C. NO.    09CR3642

MARKUS H. BARRETT                              :          (Criminal appeal from
                                                          Common Pleas Court)

    Defendant-Appellant                :

                                               :

. . . . . . . . . .

**O P I N I O N**

Rendered on the   13th   day of    May   , 2011.

. . . . . . . . . .

CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

BYRON K. SHAW, Atty. Reg. No. 0073124, 4800 Belmont Place, Huber Heights, Ohio 45424
    Attorney for Defendant-Appellant

MARKUS H. BARRETT, #A635-045, London Correctional Institute, P. O. Box 69, London, Ohio 43140
    Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1} On December 11, 2009, the appellant was indicted on two counts of

aggravated robbery (first degree felonies, each with a three-year firearm specification), one count of receiving stolen property, motor vehicle (a fourth degree felony), one count of possession of criminal tools  (a fifth degree felony), and one count of failure to comply with the order or signal of a police officer (a fourth degree felony).   The appellant subsequently entered a plea of guilty to one count of aggravated robbery, a felony of the first degree.   The other charges and the firearm specifications were dismissed.   He was sentenced to three years in prison to run consecutively with a two-year sentence in case 09-CR-3961.

{¶ 2}  Appellant's assigned counsel filed a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, stating that he filed his "brief of appeal as requested by appellant but after thorough review of the case, concludes that there were no errors from the trial level."   We then informed the appellant that his attorney had filed such a brief and granted him time in order to file a pro se brief.   No pro se brief has been filed.   Pursuant to our duty under *Anders*, we have conducted an independent review of the record.

{¶ 3}  Appellant's counsel raises as his only potential assignment of error that the "conviction and sentencing is against the manifest weight of the evidence."   The appellant's guilty plea left nothing for the State to prove because a guilty plea is a complete admission of guilt.   Crim.R. 11(B)(1); *Huber Heights v. Duty* (1985), 27 Ohio App.3d 244.   By entering  a  guilty  plea,  a  defendant  waives  his  right  to  present manifest-weight-of-the-evidence  or  sufficiency-of-the-evidence  attacks  against  his convictions.  *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415.   The *Anders* brief in this case was filed October 4, 2010.   Counsel has raised the same issue in *Anders* briefs filed

both before and after October 4. In each of those cases we have held, as we do today, that an appellant waives any manifest weight of the evidence argument by a plea of guilty. See, for example, *State v. Martin*, Montgomery App. No. 23379, 2010-Ohio-976; *State v. Steele*, Montgomery App. No. 23402, 2009-Ohio-6019; *State v. Gebhart*, Montgomery App. No. 23347, 2009-Ohio-5739; *State v. Bailey*, Montgomery App. No. 23164, 2009-Ohio-4107; *State v. Pierre*, Montgomery App. No. 23245, 2009-Ohio-3125. If counsel believes this to be a good faith, non-frivolous, argument, he is still under a responsibility to cite to these contrary opinions.

{¶ 4} On May 28, the defendant appeared in court and entered a plea of guilty to the charge of aggravated robbery. Appellant was represented by counsel and the court engaged in a comprehensive Rule 11 colloquy. Appellant indicated that he understood his rights and wished to waive them and enter a plea of guilty and, further, signed a plea form in open court acknowledging these rights. Although he faced substantially more time, there had been a sentencing agreement of three years which the defendant acknowledged.

{¶ 5} The court ordered a pre-sentence investigation and set the case in the future on a date after a trial which the appellant had scheduled on another case. Apparently, the appellant pled guilty to a charge in the other case, 2009-CR-3961, since he appeared for sentencing on both matters on July 12, 2010. Before proceeding to sentencing, the court stated its understanding there was an agreed-upon, two-year prison sentence in 2009-CR-3961 (felonious assault, a second degree felony), which would be served consecutively to the three-year sentence in 09-CR-3642. Both attorneys for the defendant acknowledged that understanding, as did the defendant himself.

**{¶ 6}** In imposing sentence, the trial court correctly informed the appellant that he would be required to serve five years of post-release control on the aggravated robbery and three years on the felonious assault. The court informed the defendant that the post-release control "would essentially be served concurrently, at the same time, for a total of five years post-release control."

**{¶ 7}** Further, upon examination of the record before us, we see nothing that would indicate the trial counsel was ineffective. The defendant faced substantially longer incarceration if all the charges for which he was indicted had proceeded, and he received the minimum sentences on the aggravated robbery and felonious assault.

**{¶ 8}** Based on the record before us and after performing our duty of independent review, we have found no potential assignments of error having arguable merit and we conclude that the appeal is wholly frivolous. The judgment of the trial court will be affirmed.

. . . . . . . . . .

GRADY, P.J. and DONOVAN, J., concur.

Copies mailed to:

Carley J. Ingram
Byron K. Shaw
Markus H. Barrett
Hon. Connie S. Price