[Cite as *State v. Wheeler*, 2011-Ohio-3423.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee                 :          C.A. CASE NO.    24112

v.                                     :          T.C. NO.    09CR1640

ERIC D. WHEELER                        :          (Criminal appeal from
                                                      Common Pleas Court)
    Defendant-Appellant              :

                                                               :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____8th____ day of ____July____, 2011.

. . . . . . . . . .

TIMOTHY J. COLE, Atty. Reg. No. 0084117, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
       Attorney for Plaintiff-Appellee

ROBERT E. SEARFOSS, III, Atty. Reg. No. 0078906, 321 N. Main Street, Bowling Green, Ohio 43402
       Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

**{¶ 1}** Eric D. Wheeler pled guilty in the Montgomery County Court of Common Pleas to possession of crack cocaine, a third degree felony. The trial court had previously overruled, after a hearing, his motion to suppress evidence, which claimed that his detention

and the seizure of the drugs by the police violated his Fourth Amendment rights. Wheeler was sentenced to two years in prison, a fine of $1,542, and a six-month driver's license suspension.

{¶ 2} In his sole assignment of error, Wheeler claims that the trial court erred in denying his motion to suppress. By pleading guilty, however, Wheeler has waived his right to claim error with respect to the trial court's denial of his motion to suppress evidence. E.g., *State v. Smith*, Clark App. No. 08 CA 60, 2009-Ohio-5048, ¶13; *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, ¶78.

{¶ 3} A plea of guilty is a complete admission of guilt. E.g., *State v. Barrett*, Montgomery App. No. 24150, 2011-Ohio-2303, ¶3; Crim.R. 11(B)(1). Consequently, a guilty plea waives all appealable errors that may have occurred in the trial court, including the denial of a motion to suppress, unless such errors precluded Wheeler from knowingly, intelligently, and voluntarily entering his guilty plea. E.g., *State v. Kelley* (1991), 57 Ohio St.3d 127, paragraph two of the syllabus; *Smith* at ¶13; *State v. Kaznoch*, Cuyahoga App. No. 93951, 2010-Ohio-5474, ¶8-9. Wheeler makes no such claim in this case, and we find nothing in the record to suggest that such a defect exists. To the contrary, Wheeler's counsel stated at the beginning of the plea hearing:

{¶ 4} "[Wheeler] will be entering a plea of guilty to the charge of possession, Your Honor. I believe it's the agreement of the parties that it is mandatory time. However, we're agreeing there would be a cap of two years *** which as I informed my client which means he will be getting a one- or two-year sentence. I've also explained to him about the guilty plea, he's waiving all appellate rights, so he won't be appealing the Motion to

Suppress hearing."

{¶ 5} The court asked Wheeler if he understood his counsel's statements and if "[t]his is what you wish to do." Wheeler responded affirmatively, and the court proceeded to take his guilty plea. Wheeler's guilty plea thus waived the error that he assigns on appeal.

{¶ 6} The assignment of error is overruled.

{¶ 7} The trial court's judgment will be affirmed.

. . . . . . . . . .

GRADY, P.J. and DONOVAN, J., concur.

Copies mailed to:

Timothy J. Cole
Robert E. Searfoss, III
Hon. Michael L. Tucker