**[Cite as *State v. Hess*, 2012-Ohio-961.]**

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24453 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 08-CR-2942 |
| v. | : | |
| | : | |
| GLENN A. HESS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 9th day of March, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by JOHNNA SHIA, Atty. Reg. #0067685, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

AARON D. LOWE, 703 Liberty Tower, 120 West Second Street, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Glenn Hess appeals from his conviction and sentence, pursuant to a guilty plea, for Perjury, Grand Theft, and seven counts of Insurance Fraud. Hess contends that: (1) his plea was not knowingly and voluntarily made; (2) the trial court should have allowed him to withdraw his plea; (3) the trial court erred in overruling both his motion

to suppress and his motion to dismiss most counts in the indictment; and (4) the trial court erred in entering its order of restitution.

{¶ 2} We conclude that Hess's plea was knowingly and voluntarily entered, and that the trial court did not abuse its discretion in denying his motion to withdraw his guilty plea. We conclude that by entering a guilty plea, Hess waived his right to allege error as to the trial court's decisions on his motion to suppress and his motion to dismiss. We also conclude that the trial court did not abuse its discretion in ordering restitution. Accordingly, the judgment of the trial court is Affirmed.

I

{¶ 3} In August, 2008, Hess was indicted on 26 counts of Forgery, eight counts of Insurance Fraud, two counts of Perjury, and one count of Grand Theft. He moved to dismiss 24 of those counts, and he moved to suppress evidence. The trial court overruled both motions.

{¶ 4} Hess pled guilty to Perjury, Grand Theft, and seven counts of Insurance Fraud. All counts related to instances of fraudulent claims for disability insurance coverage. In exchange for Hess's guilty plea, the State dismissed the remaining counts and agreed to remain silent on the issue of sentencing.

{¶ 5} Prior to sentencing, Hess filed a motion to withdraw his guilty plea. Following a hearing, the trial court overruled that motion. The trial court sentenced Hess to community control and ordered him to pay $114,926.58 in restitution to five different companies. From his conviction and sentence, Hess appeals.

II

{¶ 6}   Hess's First Assignment of Error is as follows:

{¶ 7}   "THE TRIAL COURT ERRED WHEN IT ACCEPTED A GUILTY PLEA FROM DEFENDANT WITHOUT FIRST PROPERLY ASCERTAINING WHETHER THE PLEA WAS KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY GIVEN AS IS REQUIRED BY *STATE V. BALLARD*."

{¶ 8}   In his First Assignment of Error, Hess argues that his guilty plea was not knowingly, intelligently and voluntarily entered, because he was under the influence of various medications at the time of his plea.   The record does not support this contention.

{¶ 9}   In order to satisfy the requirements of due process, a guilty plea must be knowingly, intelligently, and voluntarily made.  *Boykin v. Alabama,* 395 U.S. 238, 242-243, 23 L.Ed.2d 274, 89 N.E.2d 1709 (1969).   The plea must be made with a full understanding of its consequences.  *State v. Bowen,* 52 Ohio St.2d 27, 28, 368 N.E.2d 843 (1977).   Before accepting a guilty plea, a trial court must substantially comply with the requirements of Crim.R. 11.  *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *State v. Stewart,* 51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163 (1977).   "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving."  *Nero,* at 108.   Here the trial court did substantially comply with Crim.R. 11 during Hess's plea hearing.

{¶ 10} The trial court informed Hess of the facts underlying the charges against him, the maximum sentence that he faced, and the constitutional rights that he waived by foregoing a trial.   Prior to accepting the plea, the trial court asked Hess whether he understood what he

was doing, whether he was acting of his own free will and not as the result of any promises aside from those incorporated in the plea agreement, and whether he wanted the court to accept the plea. Hess responded to these questions in the affirmative. Hess acknowledged that he had discussed his case with his attorney, including the elements of the offenses with which he was charged and his potential defenses. Hess stated that his attorney had gone over the plea forms with him and that he was satisfied with his attorney's representation.

{¶ 11} Hess advised the trial court that he had taken his normal, small dosage of Vicodin, a pain medication. Upon further inquiry, Hess explained that he had been taking the same medication for fourteen or fifteen years. Hess denied that the medication made him drowsy or prevented him from thinking clearly, and he affirmatively stated that he understood what was going on during the plea hearing. Thus, the record directly refutes Hess's claim that he was so heavily drugged that he was unable to enter a knowing, intelligent, and voluntary plea.

{¶ 12} Other statements made by Hess during the plea hearing also rebut his claim that he was unable to comprehend the proceedings due to his medication. For example, when the trial court explained to Hess that if he did not get into any more trouble between the plea hearing and sentencing, the court would be inclined to order community control sanctions rather than prison time, Hess clarified with the court that a recent traffic ticket would not pose a problem. Additionally, when the trial court mistakenly referred to multiple third-degree felony charges, Hess caught the error himself and corrected the court, pointing out that there was, in fact, only one third-degree felony.

{¶ 13} The record reflects that Hess knowingly, intelligently, and voluntarily entered

into the plea agreement, which provided significant benefits that the agreement provided to him. The State dismissed 28 of the 37 felony charges against Hess, which allowed him to face a significantly lesser sentence than if he had been convicted of all of the charges against him. Furthermore, the trial court indicated its willingness to administratively terminate community control sanctions imposed in a 2005 case, for which Hess was facing potential revocation.

{¶ 14} Hess's First Assignment of Error is overruled.


III

{¶ 15} Hess's Second Assignment of Error is as follows:

{¶ 16} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO GRANT DEFENDANT'S MOTION TO WITHDRAW HIS PLEA AS THE RECORD DEMONSTRATES A REASONABLE AND LEGITIMATE BASIS FOR THE WITHDRAWAL."

{¶ 17} In his Second Assignment of Error, Hess asserts that the trial court erred in denying his request to withdraw his guilty plea, which he filed prior to sentencing. In support, he claims that his plea was not knowingly, intelligently, and voluntarily made. He also claims that trial counsel failed to appropriately represent him. We conclude that the trial court did not abuse its discretion in denying Hess's motion to withdraw his guilty plea.

{¶ 18} A defendant does not have an absolute right to withdraw his plea, even if the motion is made prior to sentencing. *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), paragraph one of the syllabus. Instead, the decision of whether to grant or deny a motion to withdraw a plea rests within the sound discretion of the trial court. Id. at paragraph two of the

syllabus. A trial court does not abuse its discretion in denying a motion to withdraw a plea when: (1) the accused is represented by competent counsel; (2) the accused was afforded a full Crim.R. 11 hearing before he entered his plea; (3) the accused is given a complete, impartial hearing on the motion to withdraw; and (4) the court gave full and fair consideration to the request to withdraw. *State v. Peterseim,* 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist. 1980), paragraph three of the syllabus. In this case all of the *Peterseim* factors were met.

{¶ 19} Hess was represented by experienced, competent counsel. As discussed above, Hess was afforded a full Crim.R. 11 hearing before his guilty plea was accepted. The trial court held a full and fair hearing on Hess's motion to withdraw his plea, during which both parties were permitted to fully argue their positions. Finally, the record reveals that the trial court gave full and fair consideration to Hess's request.

{¶ 20} At the hearing on the motion to withdraw his guilty plea, Hess reminded the court that he had taken Vicodin at the time of his plea. Hess also claimed, for the first time, to have also taken several other medications, causing him to be "pretty well lit" during the plea hearing. He insists that he does not remember much of the plea hearing and maintains that he could neither read nor understand the plea forms. Hess's trial counsel at the taking of the plea testified, at the hearing on the motion to withdraw the plea, that Hess did not appear to be under the influence of drugs at the plea hearing. Moreover, as noted in Part II, above, the plea hearing transcript does not support Hess's claim that his guilty plea was not knowingly, intelligently, and voluntarily entered, as a result of his intoxication. In this connection, we note that Hess invited us to watch the audiovisual record of his plea hearing;

we have done so; and we see no indication that Hess was mentally or physically impaired as a result of taking his medication, or otherwise.

{¶ 21} At the hearing, Hess also offered a list of ways in which he believed that trial counsel failed to adequately represent him. Scott Calloway, who was Hess's attorney at the plea hearing (and Hess's fourth attorney up to that point in the proceedings), testified at the hearing on Hess's motion to withdraw his guilty plea. Calloway's testimony refuted Hess's contentions point by point.

{¶ 22} After hearing all of the evidence, the trial court found Hess's testimony to be completely lacking in credibility, and the court denied his motion to withdraw his guilty plea. Decisions regarding the credibility of witnesses are primarily for the trial court to make, given that the trial judge, as the finder of fact at the hearing on the motion to withdraw the plea, saw and heard the witnesses' testimony. *State v. Brown,* 2d Dist. Miami No. 2002-CA-23, 2003-Ohio-2959, ¶ 13, citing *State v. DeHass,* 10 Ohio St.2d 230, 227 N.E.2d 212 (1967).

{¶ 23} On the record before us, we conclude that the trial court did not abuse its discretion in denying Hess's motion to withdraw his guilty plea. Hess's Second Assignment of Error is overruled.

IV

{¶ 24} Hess's Third Assignment of Error is as follows:

{¶ 25} "THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AS THE STATE DID NOT DEMONSTRATE BY SUBSTANTIAL EVIDENCE PROBABLE CAUSE EXISTED FOR ISSUING A SEARCH

WARRANT FOR DEFENDANT'S PREMISES."

{¶ 26} Hess's Fourth Assignment of Error is as follows:

{¶ 27} "THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO DISMISS COUNTS 1, 3, 5-9, 11-15, 21-25, 27-31, 33-34 OF THE INDICTMENT ON THE GROUNDS OF FAILURE TO PROSECUTE WITHIN THE STATUTE OF LIMITATIONS."

{¶ 28} In his Third Assignment of Error, Hess argues that the trial court abused its discretion in denying his motion to suppress. In his Fourth Assignment of Error, Hess maintains that the trial court abused its discretion in denying his motion to dismiss most of the counts of the indictment.

{¶ 29} "A plea of guilty is a complete admission of guilt." *State v. Wheeler,* 2d Dist. Montgomery No. 24112, 2011-Ohio-3423, ¶ 3, citing *State v. Barrett,* 2d Dist. Montgomery No. 24150, 2011-Ohio-2303, ¶ 3; Crim.R. 11(B)(1). As a result, a guilty plea waives appealable errors that may have occurred in the trial court, including the denial of motions to suppress and motions to dismiss, so long as those errors do not implicate the voluntariness of the plea. Id. citing *State v. Kelley,* 57 Ohio St.3d 127, 566 N.E.2d 658, (1991), paragraph two of the syllabus. See, also, *State v. Brown,* 43 Ohio App.3d 39, 43-44, 539 N.E.2d 1159 (1st Dist. 1988).

{¶ 30} The trial court expressly advised Hess that by pleading guilty he would waive his right to appeal pre-trial rulings. After being so advised, Hess chose to plead guilty. Hess's guilty plea served to waive the errors that he now assigns on appeal with regard to his

motion to suppress and his motion to dismiss. Hess's Third and Fourth Assignments of Error are overruled.

V

{¶ 31} Hess's Fifth Assignment of Error is as follows:

{¶ 32} "THE TRIAL COURT ERRED IN DETERMINING THAT THE AMOUNT OF RESTITUTION ORDERED WAS ESTABLISHED BY A PREPONDERANCE OF THE EVIDENCE."

{¶ 33} In his Fifth Assignment of Error, Hess claims that the trial court erred in ordering restitution to Fifth Third Bank, American Bankers Life Assurance Company, North Central Life Insurance, and Progressive Insurance.

{¶ 34} A trial court abuses its discretion when it orders restitution that does not bear a reasonable relationship to the actual financial loss suffered. *State v. Williams*, 34 Ohio App.3d 33, 35, 516 N.E.2d 1270 (2d Dist. 1986). Therefore, we review a trial court's order of restitution under an abuse of discretion standard. *See, e.g.*, *State v. Naylor,* 2d Dist. Montgomery No. 24098, 2011-Ohio-960, ¶ 22. "Generally, abuse of discretion occurs when a decision is grossly unsound, unreasonable, illegal, or unsupported by the evidence." *State v. Nichols*, 195 Ohio App.3d 323, 2011-Ohio-4671, 959 N.E.2d 1082, ¶ 16 (2d Dist.). *See, also*, *State v. Beechler*, 2d Dist. Clark No. 09CA54, 2010-Ohio-1900, ¶ 60-70.

{¶ 35} R.C. 2929.18(A)(1) allows a trial court to order, as a financial sanction, an amount of restitution to be paid by an offender to his victims based on the victims' actual economic loss. "[T]here must be competent, credible evidence in the record to support the

trial court's order of restitution 'to a reasonable degree of certainty.' The amount of restitution requested should, if necessary, be substantiated through documentary or testimonial evidence.' " (Citations omitted.) *State v. Bender,* 2d Dist. Champaign No. 2004 CA 11, 2005-Ohio-919, ¶ 10. See, also, *Naylor* at ¶ 20-21, citing *State v. Warner,* 55 Ohio St.3d 31, 69, 564 N.E.2d 18 (1990).

{¶ 36} Hess specifically challenges four of the trial court's five orders of restitution.

{¶ 37} First, Hess asserts that the trial court's order of $32,298.62 to Fifth Third Bank violates the doctrine of res judicata because although the bank had filed a civil suit against Hess for the balance owed on the F-250, the bank voluntarily dismissed the case with prejudice after learning that the truck had been destroyed by fire. He concludes that this dismissal "is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them."

{¶ 38} However, res judicata does not apply in this case because there were no findings of fact made in the civil suit. The civil claim presented for adjudication was a contract claim for repayment of the loan, while the claim subject to restitution is based on Hess's fraudulent acts. While Fifth Third Bank likely would have been required to join the claims in one law suit, had it been aware of the fraud claim when it filed its civil suit, the record reveals that the bank did not know about the fraud until the Huber Heights Police began their investigation of Hess two years after the civil case was dismissed.

{¶ 39} Second, Hess claims that American Bankers Life Assurance Company should not have been awarded restitution because the company was not listed as a victim in the indictment. Assurant Group, doing business as Union Security Life Insurance Company, was

named in Count 15 of the indictment. Assurant Group, doing business as American Bankers Life Assurance Company, was named in Counts 27 and 33 of the indictment. While from the amount of restitution ordered, it is apparent that the award must have related to Count 15, the record supports the trial court's finding that both American Bankers and Union Security are subsidiaries of Assurant Group. As part of the plea agreement, Hess expressly agreed that restitution could be ordered with respect to any of the offenses charged in the indictment, not just the offenses to which he pled guilty.

{¶ 40} Third, Hess argues that the restitution awarded to North Central Life Insurance was improper because the trailer was repossessed by the bank with whom he had financed it. North Central paid $7,901.82 in payments on the truck loan, for Hess's benefit, on a fraudulent disability claim, as a direct result of Hess's criminal fraud. Hess implies that North Central should look to the bank for reimbursement of the funds. However, North Central's claim is properly against Hess, not the bank that financed the trailer. The record does not reveal what amount, if any, the bank may have recovered on re-sale of the trailer. While Hess may have a claim against the bank for unjust enrichment if the bank received a windfall, North Central certainly did not. The bank's repossession of the trailer does not negate the fact that North Central paid out $7,901.82 in loan payments that Hess would otherwise have had to pay himself, on his fraudulent claim of disability.

{¶ 41} Finally, Hess challenges the restitution ordered to Progressive Insurance, which paid $23,142 on a casualty claim for the Ford F-250, which was destroyed in a fire. In Count 4, Hess pled guilty to having committed insurance fraud against Progressive with regard to the truck. The State claims that Hess had set fire to the truck, yet he was not charged with Arson.

However, under the facts of this case, he did not need to be so charged for Progressive to recover its funds. Regardless of how the truck was destroyed, Progressive is entitled to recover from Hess the money that it paid to him as a result of his fraudulent claim.

{¶ 42} Based on the record before us, we conclude that the trial court acted within its discretion in ordering restitution to Fifth Third Bank, American Bankers Life Assurance Company, North Central Life Insurance, and Progressive Insurance. Accordingly, Hess's Fifth Assignment of Error is overruled.

## VI

{¶ 43} All of Hess's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck
Johnna M. Shia
Aaron D. Lowe
Hon. Connie S. Price