[Cite as *State v. Brown* , 2012-Ohio-3714.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                              :

    Plaintiff-Appellee                :            C.A. CASE NO.    24630

v.                                         :            T.C. NO.    10CR3013

DAMIEN G. BROWN                            :            (Criminal appeal from
                                          Common Pleas Court)

    Defendant-Appellant               :

                                           :

· · · · · · · · · ·

**O P I N I O N**

Rendered on the    17th    day of    August    , 2012.

· · · · · · · · · ·

ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

J. ALLEN WILMES, Atty. Reg. No. 0012093, 4428 N. Dixie Drive, Dayton, Ohio 45414
        Attorney for Defendant-Appellant

· · · · · · · · · ·

DONOVAN, J.

    **{¶ 1}**    Defendant-appellant Damien G. Brown appeals his conviction and sentence

for one count of involuntary manslaughter, in violation of R.C. 2903.04(A), a felony of the

first degree, accompanied by a mandatory three-year firearm specification; one count of tampering with evidence, in violation of R.C. 2921.12(A)(1), a felony of the third degree; and one count of improper handling of a firearm in a motor vehicle, in violation of R.C. 2923.16(A), a felony of the fourth degree. Brown filed a timely notice of appeal with this Court on May 5, 2011.

{¶ 2} On October 1, 2010, Brown was indicted for two counts of murder (proximate result), two counts of felonious assault (deadly weapon and serious harm), tampering with evidence, and one count of improper handling of a firearm in motor vehicle. At his arraignment on October 5, 2010, Brown stood mute, and the trial court entered a plea of not guilty on his behalf. Brown filed a motion to suppress on October 21, 2010, which challenged the admissibility of incriminating statements he made to police. After an evidentiary hearing held on December 2, 2010, the trial court overruled in part and sustained in part Brown's motion to suppress in a written decision issued on January 5, 2011.

{¶ 3} On February 1, 2011, Brown filed a pro se motion to dismiss his counsel, in which he asserted that defense counsel demonstrated a "lack of interest in [his] case," failed to visit him while he was in jail, and refused to share discovery with him. The trial court held a hearing on Brown's motion to dismiss counsel on February 10, 2011. At the conclusion of the hearing, the trial court orally stated its reasons for overruling Brown's motion.

{¶ 4} On April 13, 2011, Brown pled guilty by Bill of Information to one count of involuntary manslaughter. Brown also pled guilty to the originally indicted charges of tampering with evidence and improper handling of a firearm in a motor vehicle. In

exchange for Brown's guilty pleas, the State agreed to dismiss both murder counts as well as each count of felonious assault. We note that the plea agreement contained an agreed sentencing range of thirteen to nineteen and one-half years in prison. On April 29, 2011, Brown was sentenced to 18 years in prison.

**{¶ 5}** It is from this judgment that Brown now appeals.

**{¶ 6}** Because they are interrelated, Brown's first and second assignments of error will be discussed together as follows;

**{¶ 7}** "THE TRIAL COURT ERRONEOUSLY CONCLUDED THAT THE MAJORITY OF APPELLANT'S COMMENTS DURING POLICE INTERROGATION WERE INVOLUNTARY."

**{¶ 8}** "THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S MOTION TO DISMISS COUNSEL."

**{¶ 9}** "A plea of guilty is a complete admission of guilt." *State v. Wheeler*, 2d Dist. Montgomery No. 24112, 2011-Ohio-3423, ¶ 3, citing *State v. Barrett*, 2d Dist. Montgomery No. 24150, 2011-Ohio-2303, ¶ 3; Crim.R. 11(B)(1). As a result, a guilty plea waives appealable errors that may have occurred in the trial court, including the denial of motions to suppress and motions to dismiss, so long as those errors do not implicate the voluntariness of the plea. Id. citing *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus. See, also, *State v. Brown*, 43 Ohio App.3d 39, 43-44, 539 N.E.2d 1159 (1st Dist. 1988).

**{¶ 10}** The trial court expressly advised Brown that by pleading guilty he would waive his right to appeal pre-trial rulings. After being so advised, Brown chose to plead

guilty. Brown's guilty plea served to waive the errors that he now assigns on appeal with regard to his motion to suppress and his motion to dismiss counsel. Brown's first and second assignments of error are overruled.

{¶ 11} Both of Brown's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and FROELICH, J., concur.

Copies mailed to:

Andrew T. French
J. Allen Wilmes
Hon. Dennis J. Langer