[Cite as *State v. McQuirt*, 2016-Ohio-1095.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 26667 |
| | : | |
| v. | : | T.C. NO. 15CR76 |
| | : | |
| ROBBIE McQUIRT | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___18th___ day of ____March_____, 2016.

. . . . . . . . . . .

CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

J. ALLEN WILMES, Atty. Reg. No. 0012093, 7821 N. Dixie Drive, Dayton, Ohio 45414
        Attorney for Defendant-Appellant

ROBBIE McQUIRT, #714768, Chillicothe Correctional Institute, P. O. Box 5500, Chillicothe, Ohio 45601
        Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

        {¶ 1} Robbie McQuirt pled guilty in the Montgomery County Court of Common

Pleas to one count of domestic violence (two prior convictions), a third-degree felony. In exchange for the plea, the State dismissed a second count of domestic violence. The parties agreed to a prison sentence between 12 and 24 months and that the court would not grant judicial release. The trial court accepted McQuirt's plea and sentenced him to 24 months in prison.

{¶ 2} McQuirt's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he was unable to find any potential assignments of error having arguable merit. By entry, we informed McQuirt that his attorney had filed an *Anders* brief on his behalf and granted him 60 days from that date to file a pro se brief. No pro se brief was filed.

{¶ 3} We have conducted our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), and we agree with appellate counsel that there are no non-frivolous issues for review.

## I. Factual and Procedural History

{¶ 4} In January 2015, McQuirt was indicted on two counts of domestic violence, in violation of R.C. 2919.25(A), based on events that occurred on November 14, 2014, and January 9, 2015, involving his then-girlfriend. The indictment alleged that McQuirt had previously been convicted of domestic violence in 2002 (Circleville M.C. No. 02CRB1135) and 2012 (Franklin Cty. M.C. No. 12CRB5716). Each count was a felony of the third degree, with a maximum penalty of 36 months in prison.

{¶ 5} Trial was originally scheduled for March 16, 2015. At McQuirt's counsel's request, the trial was rescheduled for March 23, 2015.

{¶ 6} During the pendency of the case, McQuirt, through counsel, filed several

motions, including two motions for a continuance, a motion for a competency evaluation for and exclusion of a child-witness, a motion for a jury view, and requests for discovery. On March 20, 2015, McQuirt filed numerous pro se motions, including a motion for the provision of media evidence, a motion for his investigator to gain access to OnBase records, a demand for discovery of an OnBase table of contents, a motion for discharge on speedy trial grounds, a motion to represent himself, and a motion to "impeach witness."

{¶ 7} On March 22, the day before trial, McQuirt's counsel filed a supplemental demand for discovery related to jail telephone calls and motions in limine related to McQuirt's criminal history and statements of the complainant during recorded telephone calls with McQuirt while McQuirt was in jail.

{¶ 8} The trial court addressed most of the counsel's motions and the pro se motions in a conference on the morning of the first day of trial (March 23) and in subsequent written rulings. The case proceeded to trial on the afternoon of March 23, 2015.

{¶ 9} On the morning of March 25, 2015, prior to beginning the third day of trial, the parties reached a plea agreement. The trial court conducted a plea hearing, during which McQuirt pled guilty to one count of domestic violence, with an agreed sentencing range of 12 to 24 months, with no judicial release. The second count of domestic violence was dismissed. The court ordered a presentence investigation.

{¶ 10} The trial court held a sentencing hearing on April 8, 2015. The trial court indicated that it had reviewed the presentence investigation report, defense counsel's sentencing memorandum, and letters of support from McQuirt's mother and from a co-worker. During statements from counsel, the State requested a 24-month sentence, and

defense counsel asked for a 12-month sentence. McQuirt also made a statement to the court. The court imposed 24 months in prison, with 104 days of jail time credit. The court advised McQuirt that it would not consider him for judicial release. The court informed McQuirt that he was subject to a mandatory term of 3 years of post-release control and of the consequences of violating post-release control. The court ordered McQuirt to pay court costs. McQuirt was informed of his right to appeal.

{¶ 11} McQuirt appeals from his conviction.

## II. *Anders* Review: No Non-Frivolous Issues Exist

{¶ 12} On appeal, McQuirt's counsel asks this court to review whether McQuirt "waived all possible rulings, pretrial and during trial," by entering a guilty plea in the middle of the trial. Counsel also raises the trial court's compliance with Crim.R. 11 at the plea hearing and whether the trial court abused its discretion in imposing a 24-month sentence, the maximum term of the agreed-upon range.

{¶ 13} As an initial matter, we find that there are no non-frivolous issues related to the trial court's pretrial rulings and rulings at trial. A plea of guilty is a complete admission of guilt. *E.g., State v. Faulkner*, 2d Dist. Champaign No. 2013-CA-43, 2015-Ohio-2059, ¶ 9; *State v. Wheeler*, 2d Dist. Montgomery No. 24112, 2011-Ohio-3423, ¶ 3; Crim.R. 11(B)(1). Consequently, a guilty plea waives all appealable errors that may have occurred in the trial court, unless such errors precluded the defendant from knowingly, intelligently, and voluntarily entering his guilty plea. *See, e.g., State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus; *Wheeler* at ¶ 3.

{¶ 14} In general, a defendant's guilty plea precludes, among other claims, that (1) defendant's statutory speedy trial rights were violated, *Kelley* at paragraph one of the

syllabus; (2) the trial erred in denying defendant's motion to dismiss the indictment, *State v. Hess*, 2d Dist. Montgomery No. 24453, 2012-Ohio-961, ¶ 23; (3) trial counsel rendered ineffective assistance, *State v. Kidd*, 2d Dist. Clark No. 03CA43, 2004-Ohio-6784, ¶ 16; (4) defendant's conviction was based on insufficient evidence or was against the manifest weight of the evidence, *State v. Barrett*, 2d Dist. Montgomery No. 24150, 2011-Ohio-2303, ¶ 3; and (5) the trial court erred in denying a motion to suppress, *Wheeler*.   Upon review of the record before us, we find no error that would have precluded McQuirt from knowingly, intelligently, and voluntarily entering his guilty plea.   Accordingly, McQuirt's guilty plea waived any challenge to the court's pretrial rulings and rulings at trial.

{¶ 15} Second, appellate counsel asserts that no arguably meritorious claims exist concerning McQuirt's plea.

{¶ 16} Crim.R. 11(C)(2) requires the court to address the defendant personally and (a) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions; (b) inform the defendant of and determine that the defendant understands the effect of the plea of guilty and that the court, upon acceptance of the plea, may proceed with judgment and sentencing; and (c) inform the defendant and determine that he or she understands that, by entering the plea, the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses, and to require the State to prove guilt beyond a reasonable doubt at a trial at which he or she cannot be compelled to testify against himself or herself.   *State v. Brown*, 2d Dist. Montgomery No. 21896, 2007-Ohio-6675, ¶ 3.

{¶ 17} The Supreme Court of Ohio has urged trial courts to literally comply with Crim.R. 11. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29. However, because Crim.R. 11(C)(2)(a) and (b) involve non-constitutional rights, the trial court need only substantially comply with those requirements. *E.g., State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.* In contrast, the trial court must strictly comply with Crim.R. 11(C)(2)(c), as it pertains to the waiver of federal constitutional rights. *Clark* at ¶ 31.

{¶ 18} Furthermore, when non-constitutional rights are at issue, a defendant who challenges his plea on the basis that it was not knowingly, intelligently, and voluntarily made generally must show a prejudicial effect. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 17. Prejudice in this context means that the plea would otherwise not have been entered. *Id.* at ¶ 15.

{¶ 19} Upon review of the transcript of the plea hearings, the trial court fully complied with the requirements of Crim.R. 11. The court inquired about McQuirt's ability to understand the proceedings. All of McQuirt's answers reflected that he was able to proceed with the plea hearing.

{¶ 20} During the plea hearing, McQuirt indicated that he was on probation in two other counties. The trial court informed McQuirt that it had no control over what would occur in the other counties; McQuirt expressed that he was willing to proceed with the plea. The trial court informed McQuirt of the maximum penalty for his offense and that he was eligible for community control, but that he would receive a sentence within a range

of 12 to 24 months. The court stated that it would not consider him for judicial release. The court indicated that it would not impose a fine, but it could impose court costs. The court told McQuirt of his post-release control obligation and the consequences if he violated it.

{¶ 21} McQuirt stated that he understood that his guilty plea was a complete admission of guilt. He indicated that he was not coerced to enter the plea and that he was entering his plea voluntarily. The trial court informed McQuirt of the constitutional rights that he was waiving by his plea, and McQuirt stated that he understood that he was giving up his right to appeal pretrial rulings and was withdrawing any pending motions before the court. McQuirt further stated that he understood the charge against him, that the facts as alleged were true, and that he had discussed the elements of the offense and any possible defenses with his attorney. McQuirt signed a plea form reflecting the plea agreement reached by the parties.

{¶ 22} Upon review of the record, we find no non-frivolous issues related to McQuirt's plea.

{¶ 23} Finally, we find no non-frivolous argument related to McQuirt's sentence. Absent the parties' agreement, McQuirt faced a sentence between 9 and 36 months in prison. The agreed sentencing range of 12 to 24 months was authorized by law, and McQuirt received a sentence within the agreed sentencing range. McQuirt's presentence investigation report indicated that he had several juvenile adjudications and adult misdemeanor convictions. We cannot clearly and convincingly find that the sentence was unsupported by the record or conclude that it was an abuse of discretion.

### III. Conclusion

**{¶ 24}** The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, P.J. and WELBAUM, J., concur.

Copies mailed to:

Carley J. Ingram
J. Allen Wilmes
Robbie McQuirt
Hon. Steven K. Dankof