[Cite as *State v. Henderson*, 2016-Ohio-3480.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 26762 |
| | : | |
| v. | : | T.C. NO. 14CR2931 |
| | : | |
| DAVID P. HENDERSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___17th___ day of ____June____, 2016.

. . . . . . . . . . .

ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

MARSHALL G. LACHMAN, Atty. Reg. No. 0076791, 75 N. Pioneer Blvd., Springboro, Ohio 45066
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} David P. Henderson pled guilty in the Montgomery County Court of Common Pleas to murder, an unclassified felony; felonious assault (deadly weapon), a felony of the second degree; and discharge of a firearm on or near prohibited premises, a felony of the first degree. The trial court merged the felonious assault into the murder for

sentencing and imposed an agreed sentence of a mandatory 15 years to life for the murder and a mandatory term of 11 years for the discharge of a firearm offense; the sentences were ordered to be served concurrently. Henderson was also ordered to pay restitution of $500 and court costs.

{¶ 2} Henderson's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he had discovered no non-frivolous issues for appeal. By entry, we informed Henderson that his attorney had filed an *Anders* brief on his behalf and granted him 60 days from that date to file a pro se brief. No pro se brief has been filed.

{¶ 3} We have conducted our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), and we agree with appellate counsel that there are no non-frivolous issues for review. Accordingly, the trial court's judgment will be affirmed.

## I. Factual and Procedural History

{¶ 4} In September 2014, Henderson was indicted for (1) murder (proximate cause of felonious assault – deadly weapon); (2) murder (proximate cause of felonious assault – serious physical harm); (3) felonious assault (deadly weapon); (4) felonious assault (serious physical harm); and (5) discharge of a firearm on or near prohibited premises (public road or highway). Each offense included a firearm specification. All of the offenses related to the shooting of DeAngelo Dewberry, Henderson's cousin, during the early morning hours of August 23, 2014. Responding officers found Dewberry lying in the middle of the street with a gunshot wound. Dewberry later died at the hospital.

{¶ 5} Henderson's trial counsel sought and received discovery from the State.

Henderson signed a waiver of his speedy trial rights on September 25, 2014.

{¶ 6} Henderson's counsel filed several pretrial motions. In December 2014, Henderson moved to suppress any eyewitness identifications; that motion was subsequently withdrawn. Henderson also filed a motion in limine to exclude the use of Dewberry's statements, one of which identified Henderson as the shooter, as dying declarations; the trial court overruled the motion. Henderson also sought an order for the crime lab to test Dewberry's clothing and shoes and Henderson's vehicle for gun powder residue and to test a substance that fell out of Dewberry's shoe. The trial court granted the motion for crime lab testing.

{¶ 7} On May 7, 2015, Henderson pled guilty to one count of murder (count one), one count of felonious assault (count three), and discharge of a firearm on or near prohibited premises (count five). In exchange for the plea, the State agreed to dismiss all of the firearm specifications, and the additional counts of murder (count two) and felonious assault (court four). The State indicated that it agreed that the felonious assault and murder charges would merge for sentencing; the State would elect to have Henderson sentenced for murder. The parties further agreed that the sentences for murder and discharge of a firearm on or near prohibited premises would be served concurrently and that Henderson would receive a mandatory term of 15 years to life for the murder and a mandatory term of 11 years for discharge of a firearm on or near prohibited premises.

{¶ 8} The court originally did not order a presentence investigation. However, after the issue of restitution was raised, a limited presentence investigation was conducted on that issue. At the beginning of the sentencing hearing, the parties agreed

that Henderson would pay $500 in restitution to Dewberry's mother as part of his sentence. The court ordered Henderson to pay that amount of restitution and court costs and imposed, as agreed by the parties, concurrent sentences of 15 mandatory years to life in prison for the murder and 11 mandatory years for the discharge of a firearm offense; the 11-year sentence was mandatory due to a prior conviction in federal court.

{¶ 9} The trial court issued a judgment entry on May 15, 2015. Henderson did not file a timely appeal. On July 14, 2015, Henderson moved for leave to file a delayed appeal, and we granted his motion.

{¶ 10} In his *Anders* brief, Henderson's appellate counsel raises three potential assignments of error: (1) that the trial court failed to comply with Crim.R. 11 in accepting Henderson's plea, (2) that Henderson's sentence was contrary to law or was an abuse of discretion, and (3) that Henderson was denied the effective assistance of counsel.

## II. Trial Court's Compliance with Crim.R. 11

{¶ 11} Henderson's first potential assignment of error states:

The Trial Court Failed to Comply with the Requirements of Criminal Rule 11

in Accepting the Appellant's Guilty Plea.

{¶ 12} As an initial matter, we find that there are no non-frivolous issues related to the trial court's rulings prior to his plea. A plea of guilty is a complete admission of guilt. *E.g., State v. Faulkner*, 2d Dist. Champaign No. 2013-CA-43, 2015-Ohio-2059, ¶ 9; *State v. Wheeler*, 2d Dist. Montgomery No. 24112, 2011-Ohio-3423, ¶ 3; Crim.R. 11(B)(1). Consequently, a guilty plea waives all appealable errors that may have occurred in the trial court, unless such errors precluded the defendant from knowingly, intelligently, and voluntarily entering his guilty plea. *See, e.g., State v. Kelley*, 57 Ohio St.3d 127, 566

N.E.2d 658 (1991), paragraph two of the syllabus; *Wheeler* at ¶ 3. We find nothing in the trial court's pretrial rulings that would have precluded Henderson from making a knowing, intelligent, and voluntary plea.

{¶ 13} Crim.R. 11(C)(2) requires the court to address the defendant personally and (a) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions; (b) inform the defendant of and determine that the defendant understands the effect of the plea of guilty and that the court, upon acceptance of the plea, may proceed with judgment and sentencing; and (c) inform the defendant and determine that he or she understands that, by entering the plea, the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses, and to require the State to prove guilt beyond a reasonable doubt at a trial at which he or she cannot be compelled to testify against himself or herself. *State v. Brown*, 2d Dist. Montgomery No. 21896, 2007-Ohio-6675, ¶ 3.

{¶ 14} The Supreme Court of Ohio has urged trial courts to literally comply with Crim.R. 11. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29. However, because Crim.R. 11(C)(2)(a) and (b) involve non-constitutional rights, the trial court need only substantially comply with those requirements. *E.g., State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.* In contrast, the trial court must strictly comply with Crim.R. 11(C)(2)(c), as it pertains to the waiver of federal constitutional rights.

*Clark* at ¶ 31.

**{¶ 15}** Furthermore, when non-constitutional rights are at issue, a defendant who challenges his plea on the basis that it was not knowingly, intelligently, and voluntarily made generally must show a prejudicial effect. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 17. Prejudice in this context means that the plea would otherwise not have been entered. *Id.* at ¶ 15.

**{¶ 16}** Upon review of the transcript of the plea hearing, the trial court fully complied with the requirements of Crim.R. 11. The charges were read to Henderson, and Henderson indicated that he understood the nature of those charges. The trial court informed Henderson of the potential penalties for each offense, including that the 15-year portion of the murder sentence was mandatory ("you cannot get early release from the Court during that 15-year period") and that the discharge of a firearm offense had a mandatory sentence due to Henderson's prior conviction in federal court for possession of a firearm during a drug trafficking crime. The court explained to Henderson that the felonious assault offense would merge with murder, that he would not be sentenced on the felonious assault, and that his other two sentences would run concurrently. Henderson indicated that he understood all of this.

**{¶ 17}** The trial court further informed Henderson that he would be required to serve five years of post-release control for the discharge of a firearm offense, but with regard to the murder, he would be placed on parole if he were released. Henderson was told that he could be on parole supervision for the rest of his life. The court explained the different consequences if he violated post-release control or parole supervision. Henderson indicated his understanding.

{¶ 18} The court told Henderson that "pleading guilty to these three charges means you're completely admitting you are guilty" and that the court would find him guilty of the three charges. The court explained the constitutional rights that Henderson would be waiving by his guilty plea. The trial court also told Henderson that, by pleading guilty, he would be unable to appeal the trial court's decision overruling his motion to exclude Dewberry's statements as dying declarations. Henderson stated that he understood the rights he was giving up.

{¶ 19} Henderson told the trial court that he was entering his plea voluntarily. He denied that anyone had pressured him or threatened him into entering the plea. Henderson was 31 years old at the time of the plea, and he stated that he was not on any medications. Henderson said that he had understood everything the trial court had said. At the conclusion of the discussion, Henderson stated that he was pleading guilty to Counts One (murder), Three (felonious assault), and Five (discharge of a firearm on or near a prohibited premises). The court accepted the pleas and found Henderson guilty.

{¶ 20} We find no non-frivolous claim based on the trial court's Crim.R. 11 plea hearing.

### III. Sentencing

{¶ 21} Henderson's second potential assignment of error states:

The Sentence Imposed by the Trial Court was Contrary to Law or Constituted an Abuse of Discretion

{¶ 22} Henderson's appellate counsel raises, as a potential assignment of error, that Henderson's sentence was contrary to law or an abuse of discretion. Because the trial court imposed an agreed sentence, we begin with whether Henderson is entitled to

appeal his sentence.

{¶ 23} R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D)(1). "A sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, paragraph two of the syllabus.

{¶ 24} Henderson's sentences for murder and discharge of a firearm on or near a prohibited premises were within their respective sentencing ranges, and both sentences were required to be mandatory pursuant to R.C. 2929.13(F). The sentences were jointly recommended by the parties. Because Henderson's sentence was authorized by law and jointly recommended by the parties, R.C. 2953.08(D)(1) precludes us from reviewing the length of his sentences.

{¶ 25} In addition, the trial court properly imposed post-release control for the discharge of a firearm offense and informed Henderson that he was subject to parole for the murder. The court informed Henderson of the consequences of violating post-release control and parole supervision. The trial court ordered that Henderson pay $500 in restitution, an agreed-upon amount, and court costs at both the sentencing hearing and in the judgment entry. Upon review of the sentencing hearing and the judgment entry, we find no arguable errors by the trial court relating to the imposition of Henderson's sentence.

{¶ 26} Appellant counsel notes that the trial court did not notify Henderson that he

had a right to appeal. However, assuming this were error, Henderson sought to file a delayed appeal, and his request was granted. We find no arguable claim that Henderson was prejudiced by the trial court's failure to address Henderson's right to appeal his conviction.

{¶ 27} We agree with appellate counsel that there are no non-frivolous issues related to Henderson's sentencing.

### IV. Ineffective Assistance of Counsel

{¶ 28} Henderson's third potential assignment of error states:

Appellant was Denied his Constitutionally Guaranteed Right to Effective Assistance of Counsel.

{¶ 29} To establish ineffective assistance of counsel, Henderson must demonstrate both that trial counsel's conduct fell below an objective standard of reasonableness and that the errors were serious enough to create a reasonable probability that, but for the errors, the outcome of his case would have been different. *See Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052, 80 L.Ed.2d 674. Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. *State v. Cook*, 65 Ohio St.3d 516, 524-525, 605 N.E.2d 70 (1992); *State v. Rucker*, 2d Dist. Montgomery No. 24340, 2012-Ohio-4860, ¶ 58.

{¶ 30} Appellant counsel states that the record "contains little to any issue of ineffective assistance of counsel." The only matter counsel raises is Henderson's agreement not to appeal the court's pretrial ruling regarding the admissibility of statements by Dewberry. We find no ineffective assistance in this regard. The inability of Henderson to appeal the court's pretrial ruling stemmed from the fact that Henderson entered a guilty, as opposed to no contest, plea. However, there is nothing in the record to suggest that the State would have agreed to a no contest plea, and defense counsel had successfully negotiated the dismissal of the firearm specifications and concurrent sentences. Moreover, at Henderson's plea hearing, the court made clear to Henderson that he would not be permitted to appeal the pretrial ruling, and Henderson entered his plea with this understanding.

{¶ 31} We agree with appellate counsel that the record does not support a claim of ineffective assistance of counsel.

### V. Conclusion

{¶ 32} Having conducted our independent review of the record, we agree with appellate counsel that there are no non-frivolous issues for review. Accordingly, the trial court's judgment will be affirmed.

. . . . . . . . . . . .

DONOVAN, P.J. and WELBAUM, J., concur.

Copies mailed to:

Andrew T. French
Marshall G. Lachman
David P. Henderson
Hon. Dennis J. Langer