**[Cite as *State v. Jones*, 2023-Ohio-1512.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. Nos. 2022-CA-47; 2022-CA-48 |
| | : | |
| v. | : | Trial Court Case Nos. 2020 CR 0516; |
| | : | 2022 CR 0506 |
| JERRICO JONES | : | |
| | : | (Criminal Appeal from Common Pleas |
| Appellant | : | Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on May 5, 2023

. . . . . . . . . . .

MEGAN A. HAMMOND, Attorney for Appellee

KRISTIN L. ARNOLD, Attorney for Appellant

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Jerrico Jones appeals from his convictions in the Greene County Common Pleas Court following his guilty pleas to various felony offenses in two separate cases, which have been consolidated on appeal. For the following reasons, we affirm the judgment of the trial court in each case.

### I.    Facts and Procedural History

{¶ 2} On July 31, 2020, Jones was indicted in Greene C.P. No. 2020 CR 0506 for one count of aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(2), a felony of the first degree; one count of aggravated possession of drugs, a violation of R.C. 2925.11(A), a felony of the second degree; one count of trafficking in marijuana, in violation of R.C. 2925.03(A)(2), a felony of the second degree; and one count of possession of marijuana, in violation of R.C. 2925.11(A), a felony of the third degree. The indictment also included two forfeiture specifications for various money and property.

{¶ 3} On August 7, 2020, Jones was indicted in Greene C.P. No. 2020 CR 0516 for one count of felonious assault, in violation of R.C. 2903.11(A)(2), a felony of the second degree, along with a three-year firearm specification and a repeat violent offender specification; and one count of having weapons while under a disability, in violation of R.C. 2923.13(A)(2), a felony of the third degree.

{¶ 4} On September 5, 2020, Jones filed a motion to suppress in each of these cases.   A joint hearing was held on the motions.   On February 12, 2021, the trial court overruled the motions.

{¶ 5} On August 11, 2021, Jones entered a negotiated guilty plea in each case. In Case No. 2020 CR 506, Jones agreed to plead guilty to one count of aggravated possession of drugs and one count of trafficking in marijuana, both felonies of the second degree, along with the forfeiture specifications.   In Case No. 2020 CR 516, Jones agreed to plead guilty to one count of having weapons while under a disability, a felony of the third degree.   In exchange for his guilty pleas, the State agreed to dismiss the remaining

counts and specifications. The parties also agreed to a mandatory indefinite sentence of a minimum of four years in prison to a maximum of six years in prison pursuant to the Reagan Tokes Act in Case No. 2020 CR 506 and to a sentence of 36 months in prison in Case No. 2020 CR 516, and they agreed that the two sentences would run concurrently. Immediately following Jones' pleas, the trial court accepted his pleas, found him guilty, and proceeded directly to sentencing. In accordance with the plea agreements, Jones was sentenced in Case No. 2020 CR 506 to a mandatory indefinite sentence of a minimum of four years to a maximum of six years on each offense to run concurrently to each other and concurrently to the sentence in Case No. 2020 CR 516. Likewise, Jones was sentenced to the agreed 36 months in prison in Case No. 2020 CR 516, to be served concurrently with the sentence in Case No. 2020 CR 506.

{¶ 6} Jones timely appealed.

{¶ 7} Jones raises the following three assignments of error on appeal:

1. THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS.

2. PLAIN ERROR OCCURRED WHEN THE TRIAL COURT FAILED TO RULE ON ALL ISSUES OF DEFENDANT'S MOTION TO SUPPRESS.

3. TRIAL COUNSEL WAS INEFFECTIVE BY FAILING TO BRING THE INCOMPLETE DENIAL OF THE MOTION TO SUPPRESS TO THE COURT'S ATTENTION.

{¶ 8} Because the three assignments of error are interrelated, we will address them together. Jones' first argument concerns the issues raised in the motion to

suppress and why the evidence should have been suppressed. His second argument alleges that the trial court failed to resolve two of the three issues raised in the motion to suppress, which constitutes plain error and necessitates reversal. In Jones' third assignment of error, he claims his counsel was ineffective for allowing him to plead guilty without the benefit of the trial court's decision on the undecided issues remaining from his motion to suppress. We find no merit to any of these arguments.

{¶ 9} Contrary to Jones' assertions, a review of the record demonstrates that the trial court did issue a decision on all the arguments raised in Jones' motions. Case Nos. 2020 CR 506 and 2020 CR 516 were consolidated for the motion to suppress hearing, in addition to being consolidated with Jones' co-defendant, Brian Jones, who was charged in Case No. 2020 CR 517. In Case Nos. 2020 CR 516 and 2020 CR 517, which were based on the same set of facts and circumstances, the defendants challenged eyewitness identification. The trial court overruled that issue in a decision issued on February 12, 2021.

{¶ 10} Case no. 2020 CR 506, however, was based on a different set of facts and circumstances that only applied to Jones. In that case, Jones challenged the alleged illegal police entry into his home and the subsequent search warrant obtained. In a separate decision filed only in Case No. 2020 CR 506 on February 12, 2021, the trial court overruled the entirety of the issues raised in the motion to suppress. Therefore, at the time Jones entered his guilty pleas on August 11, 2021, he was fully aware of the trial court's decisions overruling all of the issues raised in his motions.

{¶ 11} Because the trial court had rendered decisions on all of the matters Jones

had raised, Jones' second assignment of error fails. Likewise, because the decisions were issued prior to Jones' entering his guilty pleas, there is no basis for his ineffective assistance of counsel claim, and his third assignment of error fails. Finally, we agree with the State that by pleading guilty, Jones waived his right to claim any error with respect to the trial court's denial of his motions to suppress evidence.

{¶ 12} "A plea of guilty is a complete admission of the defendant's guilt." Crim.R. 11(B)(1). Unlike a plea of no contest, "a guilty plea waives all appealable errors that may have occurred in the trial court, including the denial of a motion to suppress, unless such errors precluded [the defendant] from knowingly, intelligently, and voluntarily entering his guilty plea." *State v. Wheeler*, 2d Dist. Montgomery No. 24112, 2011-Ohio-3423, ¶ 3.

{¶ 13} Here, Jones' only argument that could be construed as his not having entered his pleas knowingly, intelligently, and voluntarily was the allegation that he had entered his pleas without the benefit of the court's decision on all the issues raised in his motions to suppress. But the trial court's decisions were issued several months prior to his guilty pleas. Moreover, there is no indication in the record that his guilty pleas were anything less than knowingly, intelligently, and voluntarily entered. Consequently, by pleading guilty, Jones waived his right to challenge the trial court's denial of his motions to suppress, and his first assignment of error is overruled.

## II. Conclusion

{¶ 14} Having overruled all of Jones' assignments of error, the judgments of the trial court are affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and EPLEY, J., concur.