OPINION
{¶ 1} This matter is before the court on the Notice of Appeal of Rion MacConnell, filed June 3, 2005. The sequence of events giving rise to this matter began when MacConnell received a twelve point license suspension notice from the Bureau of Motor Vehicles ("BMV"), which he appealed. The BMV did not respond nor challenge the appeal, and it did not appear at the subsequent default hearing in the Montgomery County Court of Common Pleas. The common pleas court accordingly terminated MacConnell's twelve point suspension on May 23, 2005.
 {¶ 2} On May 11, 2005, MacConnell entered pleas to several traffic related charges that were consolidated for disposition in the Kettering Municipal Court and set for trial that day. The events giving rise to those charges began on July 5, 2004, when MacConnell was cited for driving under suspension, failure to stop at a stop sign, and improper handling of a fire arm in a motor vehicle, in Washington Township, Ohio. On January 14 and 15, 2005, MacConnell was charged with two counts of driving under suspension, shortcutting on private property, and two counts of falsification. These charges resulted after MacConnell drove through a school yard and down a bike path in Centerville, Ohio, in an effort to avoid a traffic delay. He told the responding officers that he was not the driver of the car. The initial falsification charge arose from MacConnell's statements at the scene, and the second charge of falsification arose from MacConnell's written statements that he filed along with a complaint against the officer who cited him. On March 27, 2005, MacConnell was cited for speeding and possessing more than one operator's license in Washington Township. As the result of a plea bargain, MacConnell pled guilty to operating a motor vehicle without a valid license for the July 5, 2004 event, and he received a $100.00 fine and a 180 day license suspension. He also pled guilty to two counts of falsification and one count of operating a motor vehicle without a valid license for the January 14 and 15 events, and he received a $100.00 fine and court costs for the license charge and a $250.00 fine and a 90 day jail sentence for the falsification charges. Additionally, he pled guilty to operating a motor vehicle without a valid license for the event of March 27, 2005, and he received a $100.00 fine and court costs. The remaining citations were dismissed, and the court suspended 60 days of the jail sentence and $200.00 of the fines. On June 13, 2005, MacConnell filed an Application for Appellate Bond and a Motion for Stay of Execution of Sentence herein pending this appeal, and on July 18, 2005, he filed a "Notice of Suggestion for Appel [sic] Stay and/or Bond," all of which we denied. On August 15, 2005, MacConnell filed a Motion for Reconsideration, asking us to reconsider our denial of his request for a stay of his sentence pending appeal. On August 17, 2005, we granted his Motion for Reconsideration.
 {¶ 3} MacConnell was initially represented by Arlyn Parker, who filed a Motion to Withdraw as Counsel on October 4, 2004. On January 28, 2005, Lawrence White entered his appearance as MacConnell's counsel of record. On April 19, 2005, White filed a Motion to Withdraw as Attorney of Record; or in the Alternative, Motion to Continue Jury Trial. MacConnell failed to appear at the hearing scheduled on the Motion to Withdraw as Attorney of Record; or the Alternative, Motion to Continue, and the court, unable to determine the merits of the motion in his absence, overruled it. We note that MacConnell misstates the record when he avers that White filed an October 4, 2004 Motion to Withdraw.
 {¶ 4} Three days before his May 11, 2005 trial date, MacConnell sought the representation of John Limoli. Limoli counseled MacConnell that his appeal of the 12 point license suspension stayed the suspension and accordingly provided a defense to the three pending charges of driving under suspension. Limoli contacted the Kettering prosecutor and the judge and inquired about appearing on MacConnell's behalf in place of White. Because he needed time to prepare, Limoli explained to the court that he was not willing to appear for MacConnell unless the court granted a continuance of the trial. The court refused to grant a continuance, and White represented MacConnell when he entered his pleas. Limoli represented MacConnell at the BMV default hearing. Following the dismissal of the 12 point suspension, MacConnell filed a Motion to Vacate Pleas or in the Alternative Dismiss Charges.
 {¶ 5} MacConnell's first assignment of error is as follows:
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BECAUSE IT REFUSED DEFENDANT'S MOTION TO HAVE TRIAL COUNSEL REMOVED AND REFUSED TRIAL COUNSEL'S REQUEST FOR LEAVE TO WITHDRAW."
 {¶ 7} As MacConnell himself notes in his brief, his guilty pleas waived all non-jurisdictional errors, including whether the trial court erred in overruling the Motion to Withdraw as Attorney of Record; or in the Alternative, Motion to Continue Jury Trial. Even if the alleged error were not waived, MacConnell's assignment of error lacks merit because he failed to attend a scheduled hearing to address the merits of his motion. MacConnell's first assignment of error is overruled.
 {¶ 8} MacConnell's second assignment of error is as follows:
 {¶ 9} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT BECAUSE IT DID NOT DETERMINE WHETHER DEFENDANT'S GUILTY PLEAS WERE ENTERED INTO VOLUNTARILY."
 {¶ 10} MacConnell argues that Crim. R. 11(D) governed the trial court when it accepted MacConnell's guilty pleas and imposed sentence. Crim. R. 11(D) governs misdemeanor cases involving serious offenses, meaning "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim. R. 2(C). Crim.R. 11(E) governs misdemeanor cases involving petty offenses, meaning misdemeanors "other than serious offense[s]," such as MacConnell's. Crim.R. 2(D). While Crim.R. 11(D) requires the trial court to address the defendant personally, inform him of the effect of his guilty plea, and determine that his plea is voluntary, Crim.R.11(E) only requires the trial court to inform the defendant of the effect of his guilty plea before accepting it. Traffic offense pleas are governed by Traf.R. 10(D), which mirrors Crim. R. 11(E). Our review of the transcript of proceedings reveals that the trial court advised MacConnell of his right to an attorney, his right to a trial by judge or jury, the State's burden to prove his guilt beyond a reasonable doubt prior to conviction, his right to cross-examine witnesses who testify against him, his right to compulsory process, his right against self-incrimination and the maximum penalties for his offenses in terms of fines and jail time. After being advised "that a plea of guilty is an admission that you committed the acts charged," MacConnell entered pleas of "guilty."
 {¶ 11} The State correctly notes that the Crim.R.11(E) colloquy did not require the trial judge to advise MacConnell that the result of the administrative hearing with the BMV would have no effect on his pleas of guilty to operating a motor vehicle without a license. We further note that the jail sentence of which MacConnell complains was imposed as a result of his guilty pleas to the falsification charges. Obviously, the dismissal of the 12 point BMV suspension would not constitute a defense to the falsification charges.
 {¶ 12} The trial court did not err in sentencing MacConnell, and his second assignment of error is overruled. The judgment of the trial court is affirmed.
Grady, P.J. and Fain, J., concur.