[Cite as *State v. Reynolds*, 2016-Ohio-5056.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 26798 |
| | : | |
| v. | : | T.C. NO.   15TRC4967 |
| | : | |
| LORETTA REYNOLDS | : | (Criminal appeal from |
| | : |  Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 22nd day of July, 2016.

. . . . . . . . . .

MATTHEW O. KORTJOHN, Atty, Reg. No. 0083743, Assistant City Prosecutor, 335 W. Third Street, Rm. 372, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

ROBERT L. SCOTT, Atty. Reg. No. 0086785, 8801 N. Main Street, Suite 200, Dayton, Ohio 45415
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, P.J.

    **{¶ 1}**  This matter is before the Court on the Notice of Appeal of Loretta Reynolds, filed August 12, 2015.   Reynolds appeals from her conviction, following a guilty plea, on one charge of operating a vehicle under the influence of alcohol ("OVI"), in violation of

R.C. 4511.19(A)(1)(a). Reynolds was sentenced to 180 days in jail, with 177 suspended, and to one year of probation. Reynolds' driver's license was also suspended for 180 days. We hereby affirm the judgment of the trial court.

{¶ 2} The record reflects that Reynolds received her OVI citation on May 9, 2015. She entered her plea of guilty in Dayton Municipal Court on July 13, 2015. The following exchange occurred at Reynolds' plea hearing:

* * *

THE COURT: Ma'am? Is that right you are going to enter a plea of guilty to operating a motor vehicle under the influence as a first offense low tier offense?

THE DEFENDANT: Yes.

THE COURT: Is that a yes?

THE DEFENDANT: Yes.

THE COURT: Thank you. Have you talked to your lawyer about this?

THE DEFENDANT: Yes.

THE COURT: OK now do you understand that it carries potential penalties up to a hundred and eighty days in jail and up to a thousand dollar fine or both? Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Do you understand there is a mandatory three days of confinement upon a plea of guilty or seventy-two hours?

THE DEFENDANT: Yes.

THE COURT: Do you understand that?

THE DEFENDANT: Yes.

THE COURT: OK has she signed a trial waiver?

THE DEFENSE: She is signing it right now Your Honor. May I approach?

THE COURT: Yes you may. Thanks. OK then how do you plead to the charge of OVI as a first offense low tier offense?

THE DEFENDANT: Guilty.

THE COURT: The Court accepts your plea of guilty, finds you guilty. * * *

{¶ 3} Reynolds asserts two assignments of error herein which we will consider together. They are as follows:

THE TRIAL COURT ERRED IN ACCEPTING THE DEFENDANT-APPELLANT'S UNKNOWING AND INVOLUNTARY GUILTY PLEA.

And,

DEFENDANT'S CONVICTION FOR THE OFFENSE OF OPERATING A VEHICLE UNDER THE INFLUENCE (O.V.I.), IN VIOLATION OF ORC 4511.19(A) IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND SHOULD BE OVERTURNED.

{¶ 4} In her first assigned error, Reynolds asserts that in accepting her plea the municipal court was "required to explain all the constitutional rights [Appellant] was entitled to, pursuant to Crim.R. 11. Further, the court must inquire as to any promises, threats, or inducements that appellee, defense attorney, prosecutor, or the court might

have made in order to cause [Appellant] to enter a plea of guilty."

{¶ 5} We initially note that the constitutional protections cited by Reynolds and set forth in Crim.R.11(C) apply to felony sentencing and do not apply to Reynolds' plea hearing. This traffic case is governed by the Ohio Traffic Rules. Traf.R. 2(D) defines a "petty offense" as "an offense for which the penalty prescribed by law includes confinement for six months or less."   Reynolds' offense is a petty offense, since pursuant to R.C. 4511.19(G)(1)(a)(i), Reynolds was subject to a jail term of no more than six months.   Pursuant to Traf.R.10(D), in "misdemeanor cases involving petty offenses, * * * the Court may refuse to accept a plea of guilty or no contest and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty. * * *." Traf.R.10(D) is identical to Crim.R. 11(E) with respect to misdemeanor cases involving petty offenses.   *State v. MacConnell*, 2d Dist. Montgomery No. 21109, 2006-Ohio-1973, ¶ 10 ("Traffic offense pleas are governed by Traf.R. 10(D), which mirrors Crim.R. 11(E).")

{¶ 6} The record reflects that the municipal court failed to advise Reynolds of the effect of her plea as required by Traf.R. 10(D).   A plea of guilty is a complete admission of guilt. Traf.R. 10(B)(1); *State v. Faulkner*, 2d Dist. Champaign No. 2013-CA-43, 2015-Ohio-2059, ¶ 14. In *Faulkner*, the defendant therein asserted that the trial court failed to advise him of the effect of his plea as required by Crim.R. 11. This Court noted that "the Supreme Court of Ohio has held that a defendant must establish that the failure to comply with nonconstitutional rights, such as the information contained in Crim.R.11(B)(1), resulted in prejudice," and further determined that there "is no evidence of prejudice in this case." *Id.*, ¶ 16.   This Court found that by "failing to assert his innocence, Faulkner

is 'presumed to understand that a plea of guilty is a complete admission of guilt.' " *Id.*, citing in part *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 54.

{¶ 7} We note that Reynolds' police report indicates that she exhibited slurred speech when stopped and "admitted to drinking/taking oxycodone." We further note that the plea form Reynolds signed advised her of both her constitutional and non-constitutional rights and provides in part: "A plea of guilty is a complete admission of the truths [sic] of the facts in the Complaint and of my guilt of the charge brought by the state." The form further provides: "These rights and points of law have been explained to me by the court or my attorney. I understand these rights and points of law. I willingly wish to enter a plea of guilty/no contest to these charges. I enter this plea knowingly, intelligently and voluntarily." Reynolds did not assert her innocence, and we conclude that the trial court did not err in accepting Reynolds' plea. In other words, the plea is not invalid due to the municipal court's failure to inform Reynolds of the effect of her guilty plea (although we note that the preferred practice is to engage in a thorough plea colloquy advising defendants of their constitutional and non-constitutional rights in open court). Reynolds' first assigned error is accordingly overruled.

{¶ 8} Regarding Reynolds' second assigned error, this Court has previously determined that a guilty plea precludes claims that "defendant's conviction was based on insufficient evidence or was against the manifest weight of the evidence." *State v. McQuirt*, 2d Dist. Montgomery No. 26667, 2016-Ohio-1095, ¶ 14. Reynolds' valid guilty plea waived any challenge to her conviction. Reynolds' second assigned error is overruled. The judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

Matthew O. Kortjohn
Robert L. Scott
Hon. Daniel G. Gehres