**[Cite as *State v. Brown*, 2021-Ohio-2327.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28966 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-3395 |
| | : | |
| STEPHONE M. BROWN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of July, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

KRISTIN L. ARNOLD, Atty. Reg. No. 0088794, 120 West Second Street, Suite 1717, Dayton, Ohio 45402
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

EPLEY, J.

**{¶ 1}** Stephone M. Brown appeals from the trial court's judgment convicting him of one count of failure to comply with an order or signal of a police officer, a felony of the third degree. Brown's appointed counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that she cannot not find any non-frivolous issues on appeal. After our independent review, we agree with counsel's assessment. Thus, the trial court's judgment will be affirmed.

## I.    Facts and Procedural History

**{¶ 2}** On December 5, 2019, Brown was indicted in the Montgomery County Court of Common Pleas, Case No. 2019-CR-3395, on one count of failure to comply with an order or signal of a police officer (serious physical harm or substantial risk of serious physical harm), a felony of the third degree, in violation of R.C. 2921.331(B) and (C)(5). On January 2, 2020, Brown appeared for his arraignment, where he stood mute, and the court entered a not guilty plea on his behalf.

**{¶ 3}** Brown moved to suppress "identification testimony." The State sought to dismiss Brown's motion on the ground that he did not state the basis for his motion with particularity, as required by Crim.R. 47. The trial court scheduled a hearing on the motion for April 1, but the hearing date was continued at Brown's request. No hearing ultimately was held.

**{¶ 4}** Brown sought and received several additional continuances, some of which were due to proceedings he had in a pending case in federal court, *United States v. Brown*, S.D.Ohio No. 3:20-cr-31. On October 21, 2020, Brown appeared before the trial court remotely, due to the pandemic. Brown expressly agreed to the remote procedures.

On that day, he entered a guilty plea to the charged offense.

{¶ 5} During the plea hearing, Brown questioned whether his state sentence would run concurrently with his federal case and whether he would receive credit for time served in jail. The court informed him that it could not impose concurrent sentences, as he had not yet been sentenced in federal court, and that he would not receive credit for time incarcerated on his federal charges when he was not being held on bond in this case. Although Brown expressed that he was "being told something totally different than I had * * * agreed to plead to," he ultimately decided to continue with the plea. Following the entry of his plea, the court imposed an agreed sentence of 12 months in prison and suspended his driver's license for three years.

## II.     The *Anders* Process

{¶ 6} On March 24, 2021, counsel for Brown filed an *Anders* brief. Brown's appellate counsel has suggested two potential assignments of error: (1) Brown's plea was not knowingly, intelligently, and voluntarily made and (2) Brown was sentenced prior to the disposition of his federal case.

{¶ 7} Upon the filing of an *Anders* brief, an appellate court has a duty to determine, "after a full examination of the proceedings," whether the appeal is, in fact, "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493; *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous based upon a conclusion that the State has a strong responsive argument. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. A frivolous issue, instead, is one about which, "on the facts and law involved, no responsible contention can be made that offers a basis for reversal." *State v. Marbury,* 2d Dist. Montgomery No. 19226, 2003-

Ohio-3242, ¶ 8. If we find that any issue is not wholly frivolous, we must reject the *Anders* brief and appoint new counsel to represent the defendant.

## A. The Plea

{¶ 8} Due process requires that a defendant's plea be knowing, intelligent, and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25. Compliance with Crim.R. 11(C) insures compliance with this constitutional mandate. *State v. Cole*, 2d Dist. Montgomery No. 26122, 2015-Ohio-3793, ¶ 12. Crim.R. 11(C)(2) provides that the trial court may not accept a guilty plea without first addressing the defendant personally and:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 9} Strict compliance with the Crim.R. 11(C)(2)(c) constitutional advisements is necessary to establish that a plea is consistent with due process. *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 261, ¶ 18. Crim.R. 11(C)(a) and (b) set forth the required non-constitutional advisements. If a trial court completely fails to provide a non-constitutional advisement, prejudice is presumed, and the plea must be vacated. But, absent a complete failure, a defendant must demonstrate prejudice before a plea will be vacated. *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 15-16.

{¶ 10} The record reflects that the trial court strictly complied with the requirements of Crim.R. 11(C)(2)(a) and (c). The trial court began the plea colloquy, generally, with the following:

THE COURT: Okay. Mr. Brown, you're here today, it's my understanding we have an agreement that you're going to plead guilty to failure to comply with the order or signal of a police officer, and I am going to sentence you to 12 months. Is that correct?

THE DEFENDANT: Correct.

{¶ 11} The court then confirmed that Brown was not under the influence of drugs or alcohol, had a GED, and could read the plea form. And, the court informed Brown that he was giving up the right to a jury trial, the right to confront witnesses or face witnesses against him, the right to subpoena witnesses to attend and testify, and the right to remain silent. Brown stated he understood those rights and that he was giving them up. Furthermore, the court explained the consequences: financial sanctions, including a fine, court costs and restitution. The court, though, explained that Brown was not

receiving a financial sanction because he was being sentenced to the agreed 12 months. The court further told Brown that there was a mandatory driver's license suspension of between three years and life and that it would impose the minimum three years. After having his rights and the consequences explained, Brown pled guilty to the charge.

> THE COURT:   Okay. I believe you have a plea form there.   I'd like you to read over it.   If you understand it, I'd like you to sign it.   By signing it you're acknowledging in writing that this is your voluntary plea.
>
> THE DEFENDANT: I know.
>
> * * *
>
> THE BAILIFF: He signed it, Judge.

{¶ 12} The court then made the finding that Brown understood the waiver or giving up his constitutional rights, the nature of the charge, the maximum penalty, and the eligibility for community control sanctions.

{¶ 13} Brown also had a federal case pending for which he had not been sentenced.   The trial court in this case indicated a willingness to run the state sentence concurrently with the federal case; however, because a sentence had not yet been imposed in the federal court, that was not legally possible.   The court explained:

> THE COURT:   Okay.   So it may run concurrent to the federal one.   It may not but that's between you and federal court.   I have nothing to do with that. Do you understand that?

{¶ 14} Brown was initially flummoxed by the relationship between his pending federal case, including a detainer from that case, and his agreed sentence in this state case.   Nevertheless, he indicated a willingness to proceed with the plea.

{¶ 15} On this record, a claim that Brown's plea was not knowing, intelligent, and voluntary would be frivolous.

## B. The Sentence

{¶ 16} This was an agreed sentence. R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to [appellate] review * * * if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution * * *, and is imposed by the sentencing judge * * *. If all three conditions are met, the defendant may not appeal the sentence." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 15-16.

{¶ 17} The Court imposed the prison sentence that was agreed upon by the parties.

THE COURT: * * * We have an agreed sentence, so I'd like to proceed to sentencing at this time. Mr. Turner, do you have anything to say?

MR. TURNER: No, Your Honor.

THE COURT: Mr. Brown, do you have anything to say?

THE DEFENDANT: No ma'am.

In addition, the court's imposition of a driver's license suspension was required by law, and the three-year suspension was within the statutory range. Upon review of the record, we can find no arguably meritorious claims related to Brown's sentence.

## III. Conclusion

{¶ 18} We have reviewed the entire record and have found no potentially meritorious appellate issues. Having found no non-frivolous appellate issues, appellate counsel is permitted to withdraw, and the judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

TUCKER, P. J. and DONOVAN, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Kristin L. Arnold
Hon. Susan D. Solle