[Cite as *State v. Charriez*, 2022-Ohio-489.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29196 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-3243 |
| | : | |
| RIGOBERTO CHARRIEZ | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of February, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

KIRSTEN KNIGHT, Atty. Reg. No. 0080433, P.O. Box 137, Germantown, Ohio 45327
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

EPLEY, J.

{¶ 1} After the trial court granted his motion to suppress, Defendant-Appellant Rigoberto Charriez pled guilty in the Montgomery County Court of Common Pleas to one count of abduction (restrain/sexual motivation), a felony of the third degree, and one count of gross sexual imposition, a felony of the fourth degree. In exchange for the plea, four additional charges were dismissed. The trial court imposed the jointly-recommended sentence of an aggregate 18 months in prison for both counts and designated him a Tier I and Tier II sex offender.

{¶ 2} Charriez's appointed counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that she cannot find any meritorious issues for appeal and requesting permission to withdraw. As a potential assignment of error, counsel states that Charriez's 18-month sentence was contrary to law. Upon our independent review of the record, we agree with counsel's assessment that the appeal is frivolous. For the following reasons, the trial court's judgment will be affirmed.

## I. Facts and Procedural History

{¶ 3} On the night of October 8, 2020, E.C. went to Miami Valley Hospital from Woodhaven, a rehabilitation center located at 1 Elizabeth Place. Around midnight, Charriez, a taxi driver with Clean Cab, was called to Miami Valley Hospital to pick up E.C. and return her to 1 Elizabeth Place. Charriez placed E.C. in the front seat. At the same time, Charriez picked up a male passenger, who sat in the back. Charriez dropped off the male passenger first and then drove around with E.C. E.C. reportedly heard Charriez tell the cab company's dispatcher that he had already dropped her off.

{¶ 4} While driving on the highway, Charriez put his right hand between E.C.'s legs outside her clothing. He then reached inside her pants and placed a finger inside her vagina. After the sexual assault, Charriez called Woodhaven and told a nurse that he had found E.C. near a Speedway gas station. Charriez forced E.C. to confirm his story. He then returned her to 1 Elizabeth Place, where E.C. reported the assault. A police investigation followed.

{¶ 5} Shortly before 7:00 p.m. on October 13, police officers arrested Charriez, without a warrant, outside his home. The officers took Charriez to the Safety Building, where detectives informed him of his *Miranda* rights. Charriez waived his rights and spoke with the detectives. He also agreed to a DNA swab and to provide his cell phone.

{¶ 6} On October 15, 2020, Charriez was charged by complaint in the Dayton Municipal Court with rape and gross sexual imposition. At his initial appearance, the trial court set bond at $250,000, cash or surety, and scheduled a preliminary hearing for October 23. Charriez waived the preliminary hearing and signed a waiver of his speedy trial rights. He withdraw his time waiver on December 8, 2020.

{¶ 7} On December 18, 2020, a grand jury issued a six-count indictment, alleging one count of rape, two counts of kidnapping, two counts of abduction, and one count of gross sexual imposition. Charriez pled not guilty to the charges. On December 22, 2020, the trial court continued the bond set by the municipal court and added conditional own recognizance with electronic monitoring and no contact with the victim. The next day, Charriez filed a demand for discovery.

{¶ 8} In January 2021, Charriez, who had been in custody since his arrest, sought a review of his bond. That motion was later denied. He also filed a motion to suppress

all evidence against him, claiming that he was arrested without probable cause and his subsequent statements should be suppressed as "fruit" of the unlawful seizure. The trial court held a suppression hearing on February 5, 2021, following which the parties filed supplemental memoranda.

{¶ 9} In the morning of July 1, 2021, the trial court granted the motion to suppress. The court held that, although probable cause had existed, the State failed to show that it was impracticable to obtain a warrant before Charriez's arrest and, thus, the warrantless arrest was unlawful. The court ordered that all evidence obtained subsequent to the illegal arrest – including all oral statements, consent for DNA collection, and consent for cell phone information – be suppressed.

{¶ 10} Three hours later, Charriez pled guilty to abduction (restrain/sexual motivation), in violation of R.C. 2905.02(A)(2) (Count 4), and gross sexual imposition (force or threat of force), in violation of R.C. 2907.05(A)(1) (Count 6). In exchange for the plea, the remaining charges were dismissed. The parties agreed to waive a presentence investigation and that Charriez would serve 18 months in prison for the offenses. The State asked that sentencing be delayed so that E.C. could have an opportunity to present an impact statement. The trial court set sentencing for July 8, 2021.

{¶ 11} At the sentencing hearing, the court imposed the jointly-recommended 18-month sentence on each count, to be served concurrently, and designated Charriez a Tier I sex offender for the gross sexual imposition and a Tier II sex offender for the abduction. The court stated that Charriez was entitled to 269 days of jail time credit and informed him that he would be subject to a mandatory five years of post-release control

upon his release.

{¶ 12} Charriez appeals from the trial court's judgment.

## II. Standard for an *Anders* Appeal

{¶ 13} Upon the filing of an *Anders* brief, an appellate court must determine, "after a full examination of all the proceedings," whether the appeal is "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493; *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). "An issue is not frivolous merely because the prosecution can be expected to present a strong argument in reply." *State v. White*, 2d Dist. Montgomery No. 28338, 2020-Ohio-5544, ¶ 14, citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. Rather, a frivolous appeal is one that presents issues lacking arguable merit, which means that, "on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8, citing *Pullen* at ¶ 4. If we find that any issue – whether presented by appellate counsel, presented by the defendant, or found through an independent analysis – is not wholly frivolous, we must reject the *Anders* brief and appoint new appellate counsel to represent the defendant. *White* at ¶ 14, citing *Marbury* at ¶ 7; *State v. Almeyda*, 2d Dist. Montgomery No. 28727, 2021-Ohio-862, ¶ 3.

## III. *Anders* Review

### A. Charriez's Plea Hearing

{¶ 14} Although Charriez's appellate counsel only has raised a proposed assignment of error regarding his sentence, we begin with a review of the plea hearing.

{¶ 15} "An appellate court must determine whether the record affirmatively

demonstrates that a defendant's plea was knowing, intelligent, and voluntary[.]" *State v. Russell*, 2d Dist. Montgomery No. 25132, 2012-Ohio-6051, ¶ 7, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). If a defendant's plea is not knowing, intelligent, and voluntary, it "has been obtained in violation of due process and is void." *Id.*

{¶ 16} "In order for a plea to be given knowingly and voluntarily, the trial court must follow the mandates of Crim.R. 11(C)." *State v. Brown*, 2d Dist. Montgomery Nos. 24520, 24705, 2012-Ohio-199, ¶ 13. The Supreme Court of Ohio has urged trial courts to comply literally with Crim.R. 11. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29. However, in reviewing the plea colloquy, the focus should be on whether "the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea." *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 12.

{¶ 17} Crim.R. 11(C)(2) requires a trial court to address the defendant personally and (a) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions; (b) inform the defendant of and determine that the defendant understands the effect of the plea of guilty and that the court, upon acceptance of the plea, may proceed with judgment and sentencing; and (c) inform the defendant and determine that he or she understands that, by entering the plea, the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses, and to require the State to prove guilt beyond a reasonable doubt at a trial at

which he or she cannot be compelled to testify against himself or herself. *State v. Brown*, 2d Dist. Montgomery No. 21896, 2007-Ohio-6675, ¶ 3.

{¶ 18} In general, a defendant is not entitled to have his or her plea vacated unless the defendant demonstrates he or she was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C). *Dangler* at ¶ 16, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). The test for prejudice is "whether the plea would have otherwise been made." *Id.*

{¶ 19} This general rule is subject to two exceptions. *Id.* at ¶ 16. First, the trial court must strictly comply with Crim.R. 11(C)(2)(c), as it pertains to the waiver of federal constitutional rights. *Id.* at ¶ 14; *Clark* at ¶ 31. "When a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Dangler* at ¶ 14.

{¶ 20} Second, "a trial court's complete failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." *Id.* at ¶ 15, citing *State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22. *See also State v. Bishop,* 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 11 (a defendant must show prejudice if the trial court partially complied with Crim.R. 11(C) in regard to a nonconstitutional right, but no showing of prejudice is required if the trial court completely failed to comply).

{¶ 21} We have reviewed the transcript of the plea hearing and find that the trial court fully complied with the requirements of Crim.R. 11. During its initial questioning, the trial court ascertained that Charriez was 57 years old, a United States citizen, and

could read and write the English language. He stated that he had read and understood the plea forms. Charriez also stated he was not under the influence of drugs, alcohol, or medication and had no condition that would make it difficult for him to understand the proceedings.

{¶ 22} The court explained the charges and the maximum penalties he faced, including the possible maximum prison sentences, possible fines, mandatory five years of post-release control and the consequences of violating it, and the requirement that he register as a Tier I (gross sexual imposition) and Tier II (abduction) sex offender. Charriez expressed his understanding. The court made clear that it would impose 18 months in prison, in accordance with the plea agreement, and it would not impose any financial sanctions. The court stated that Charriez would receive jail time credit. Although Charriez was eligible for community control sanctions, defense counsel agreed that the trial court did not need to address it due to the plea agreement. Charriez asked the court whether the sex offender restrictions would allow him to reside with his child, and the court clarified that he could.

{¶ 23} The trial court advised Charriez that a guilty plea is a complete admission of guilt and that he would be unable to challenge the court's pretrial rulings. The court reiterated that a presentence investigation was waived and sentencing would proceed after receipt of the victim impact statement.

{¶ 24} The trial court reviewed with Charriez the constitutional rights that he was waiving as a result of his plea, and Charriez said that he understood that he was giving up those rights. The prosecutor read the charges as stated in the indictment; Charriez agreed that they were true. Charriez indicated that he had reviewed the charges with

his defense counsel, was satisfied with counsel's representation, and had had sufficient time to consider whether to enter a plea. Charriez expressed that he was entering his plea voluntarily and signed the plea forms. He confirmed with the trial court that the rape charge was being dismissed. When asked for his pleas to Counts 4 and 6, Charriez responded, "Guilty."

{¶ 25} On this record, a claim that Charriez's plea was not knowing, intelligent, and voluntary would be frivolous.

{¶ 26} In addition, we find nothing in the record to suggest that anything that occurred prior to the plea hearing precluded Charriez from entering a knowing, intelligent, and voluntary plea. A plea of guilty is a complete admission of guilt. *E.g., State v. Faulkner*, 2d Dist. Champaign No. 2013-CA-43, 2015-Ohio-2059, ¶ 9; *State v. Wheeler*, 2d Dist. Montgomery No. 24112, 2011-Ohio-3423, ¶ 3; Crim.R. 11(B)(1). Consequently, a guilty plea generally waives all appealable errors that may have occurred in the trial court, unless such errors precluded the defendant from knowingly, intelligently, and voluntarily entering his or her guilty plea. *See, e.g., State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus; *Wheeler* at ¶ 3. We find no non-frivolous issues related to the events prior to Charriez's guilty plea.

### B. Charriez's Sentence

{¶ 27} Appellate counsel raises that Charriez's concurrent 18-month sentences potentially were contrary to law.

{¶ 28} The trial court conducted the sentencing hearing on July 8, 2021, one week after the plea hearing. After reiterating the sentence to which the parties had agreed and the reason for delaying sentencing, the court asked the prosecutor about input from the

victim. The prosecutor responded that the victim advocate had not been able to reach E.C., but the prosecutor had previously spoken with E.C. about the agreed sentence. The prosecutor conveyed that E.C. was initially hesitant about whether the sentence was long enough, but agreed that she would be comfortable with the resolution. The prosecutor asked the court to proceed with sentencing.

{¶ 29} The court asked defense counsel and Charriez if they had anything to say before the court imposed sentence. Both declined.

{¶ 30} The court then stated that it had considered the purposes and principles of sentencing as set out in the Ohio Revised Code, "including avoiding unnecessary burden on government resources, the seriousness and recidivism factors of the Code, the dictates of 2929.13 and as otherwise set out in the Code." It imposed 18 months in prison on each count, to be served concurrently, with 269 days of jail time credit. The court also advised Charriez that he may be eligible to earn days of credit. The court stated that the offenses required a mandatory five years of post-release control and it explained the potential consequences if post-release control were violated or if he committed a new felony while on post-release control. The court designated Charriez as a Tier I and Tier II sex offender and told him the requirements regarding the frequency and duration of his registration. Charriez stated that he had reviewed the registration forms with his attorney and understood his requirements to register. The court highlighted that failure to register is a criminal offense, and it emphasized that Charriez needed to register within 3 days of his release.

{¶ 31} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2), rather than an abuse of discretion standard. *See*

*State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law. *State v. Huffman*, 2d Dist. Miami No. 2016-CA-16, 2017-Ohio-4097, ¶ 6.

{¶ 32} Generally, agreed sentences are not reviewable on appeal. R.C. 2953.08(D)(1) provides: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." "If all three conditions are met, the defendant may not appeal the sentence." *State v. Brown*, 2d Dist. Montgomery No. 28966, 2021-Ohio-2327,¶ 16, quoting *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 15-16.

{¶ 33} Here, the parties agreed that Charriez would receive 18 months in prison for the offenses, and the trial court imposed the jointly-recommended sentence. The concurrent 18-month sentences were within the sentencing range for each offense: Charriez faced a maximum sentence of 36 months for abduction (F3) and 18 months for gross sexual imposition (F4). *See* R.C. 2929.14(A)(3)(b) & (A)(4). The offenses were not subject to merger. Moreover, the trial court properly imposed five years of post-release control and designated Charriez a Tier I and Tier II sex offender. The record supports the trial court's calculation of 269 days of jail time credit, as of the date of the sentencing hearing. Accordingly, Charriez's prison sentences are not appealable.

{¶ 34} Upon review of the sentencing hearing transcript and the trial court's

judgment entry, we find no non-frivolous issues related to Charriez's sentence.

### IV. Conclusion

{¶ 35} We have reviewed the potential assignment of error raised by Charriez's appellate counsel and have performed our duty under *Anders* to conduct an independent review of the record.   After a thorough review, we have found no issues with arguable merit for Charriez to advance on appeal.   Accordingly, appellate counsel's motion to withdraw is granted.   The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Kirsten Knight
Rigoberto Charriez
Hon. Steven K. Dankof