[Cite as *State v. Colvin*, 2025-Ohio-292.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-36 |
| | : | |
| v. | : | Trial Court Case Nos. 22-CR-518(B); 22 |
| | : | CR 808 |
| MYRON COLVIN | : | |
| | : | (Criminal Appeal from Common Pleas |
| Appellant | : | Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on January 31, 2025

. . . . . . . . . . .

P.J. CONBOY, Attorney for Appellant

ROBERT C. LOGSDON, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Defendant-Appellant Myron Colvin appeals from his multiple convictions, contending that the trial court erred in sentencing him. The trial court imposed an agreed sentence pursuant to a plea agreement, which was authorized by law and had been jointly recommended by the parties. Because the trial court properly sentenced Colvin in accordance with an agreed sentence, we affirm.

{¶ 2} This appeal arises from two separate trial court cases. The first case involved a multi-defendant indictment in which Colvin was charged with two counts of felonious assault (count four and count five), felonies of the second degree, and several firearms offenses. In the second case, Colvin was charged with trafficking in cocaine, a felony of the first degree (count one), aggravated trafficking in drugs, a felony of the second degree (count three), and other drug offenses.

{¶ 3} Pursuant to a plea agreement, Colvin pled guilty to counts four and five in the first case in exchange for dismissal of the other counts against him in that case. In the second case, Colvin pled guilty to counts one and three, and the other counts against him were dismissed.

{¶ 4} In the first case, the plea agreement provided that Colvin was to serve eight years in prison on count four consecutive to seven years on count five, for a total prison term of 15 to 19 years. In the second case, Colvin was to serve 10 to 15 years on count one consecutive to five years on count three. The agreement also provided that the sentences in the two cases were to be served concurrently, for an aggregate prison term of 15 to 20 years.

{¶ 5} At the sentencing hearing, the prosecutor set forth the correct terms of the plea agreement in the record, and the trial court confirmed Colvin's understanding of those terms. However, upon sentencing Colvin, the court misstated the terms of the agreement, saying:

> In Case No. 22-CR-518B, the Court is going to sentence the Defendant in Count Four, felonious assault, to a term of 8 years – an

indefinite term of a minimum term of 8 years to a maximum term of 12 years to the Ohio Department of Rehabilitation and Corrections. In Count Four [sic], the Court is going to sentence the Defendant to 7 years to the Ohio Department of Rehabilitation and Corrections. *Those terms will run concurrently for a total of 8 years.*

In 22-CR-808, the Court is going to again follow the joint recommendation of the parties. The Court in Count One, trafficking in cocaine, a first-degree felony, is going to sentence the Defendant to an indefinite term of imprisonment. That indefinite term of imprisonment will be for a minimum of 10 years to a maximum of 15 years; and in Count Three, the Court is going to follow the recommendation and sentence the Defendant to a term of 5 years on the felonious assault charge. *Those sentences will run consecutive – or concurrently with each other.*

The cases in – or the sentences in 22-CR-518B and 22-CR-808 will both run consecutive – or concurrent with one another for a total commitment of 15 to 20 years in prison.

(Emphasis added.)

{¶ 6} The trial court's judgment entry correctly sentenced Colvin in accordance with the terms of the plea agreement: *count 4* – definite term of imprisonment for eight years, and *count five* – definite term of imprisonment for seven years, to run consecutive to each other for a total of 15 years in prison; *count one* – indefinite term of imprisonment for a minimum of 10 years to a maximum of 15 years, and *count three* – definite term of

imprisonment for five years, to run consecutive to each other for a prison term of 15 to 20 years. The court further specified that the sentences in two cases were to run concurrently to each other for a total prison term of 15 to 20 years.

{¶ 7} Colvin appeals.

{¶ 8} Colvin's sole assignment of error states:

THE TRIAL COURT ERRED IN ITS SENTENCING OF APPELLANT.

{¶ 9} Colvin contends that the trial court erred in sentencing him to consecutive sentences, as such sentences were not supported by clear and convincing evidence. He points to the trial court's statements during the sentencing hearing, asserting that he was sentenced to an indefinite sentence of 10 to 15 years, not 15 to 20 years. He then argues that consecutive sentences were not proper because the trial court had not made the necessary findings to impose consecutive sentences, namely that he had not committed one or more offenses while awaiting trial or sentencing and was not under other sanctions; there was no finding that his offenses were committed as a course of conduct and the harm caused was so great that no single prison term could adequately reflect the seriousness of his conduct; and there was no finding that his history of criminal conduct demonstrated that consecutive sentences were necessary.

{¶ 10} The State responds that, because Colvin's sentence was an "agreed sentence" authorized by Ohio law, jointly recommended by the parties, and imposed by the sentencing judge, it is not reviewable to appeal under R.C. 2953.08(D). We agree.

{¶ 11} We have held that agreed sentences are not reviewable on appeal. *State v. Turner*, 2011-Ohio-6714, ¶ 31 (2d Dist.). R.C. 2953.08(D)(1) provides: "A sentence

imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Of further note, "a sentence within a jointly-recommended range is a jointly-recommended sentence for purposes of R.C. 2953.08." *State v. Arnold*, 2017-Ohio-1384, ¶ 4 (2d Dist.), citing *State v. Chattams,* 2015-Ohio-453, ¶ 5 (2d Dist.), citing *State v. DeWitt*, 2012-Ohio-635, ¶ 13-15 (2d Dist.); *State v. Connors*, 2016-Ohio-3195, fn. 2 (2d Dist.).

**{¶ 12}** Colvin agreed to a sentence within a 15-to-20-year range as part of his negotiated plea agreement. He entered guilty pleas to three second-degree felonies and one first-degree felony. Under R.C. 2929.14(A)(2)(a), the prison term for felonies of the second-degree ranges from two to eight years. For felonies of the first degree, the prison term ranges from three to eleven years and allows for an indefinite term (with a stated minimum term selected from the three-to-eleven-year range and a maximum term that is determined pursuant to R.C. 2929.144). R.C. 2929.14(A)(1)(a). R.C. 2929.144(B)(2) provides that, if an offender is being sentenced for more than one felony, if one or more of the felonies is a qualifying felony of the first or second degree, and if the court orders that some or all of the prison terms imposed are to be served consecutively, the maximum prison term shall be equal to the total of the prison terms added by the court, plus 50 percent of the longest minimum term for the most serious felony being sentenced.

**{¶ 13}** Here, the sentences imposed by the trial court were authorized by law and were recommended jointly by Colvin and the State. In his first case with two second-degree felonies, the trial court sentenced Colvin to eight years on count four and to seven

years on count five to be served consecutively to each other, which were statutorily prescribed in R.C. 2929.14(A)(2)(a). In his second case, he was sentenced to an indefinite prison term of a minimum of 10 years to a maximum of 15 years on the first-degree felony as prescribed in R.C. 2929.14(A)(1)(a) and R.C. 2929.144(B)(2) and to five years on the second-degree felony, also to be served consecutively to each other. The court further specified that the sentences in the cases were to run concurrently to each other, for a total prison term of 15 to 20 years, as provided in the plea agreement.

{¶ 14} Although the trial court misstated Colvin's sentence during the sentencing hearing, we need not address any misstatement that may have been made during the sentencing hearing because the trial court speaks through its journal entries, and the journal entry in this case correctly set forth the agreed-upon sentence. *State v. Stevens*, 2010-Ohio-4766, ¶ 4 (2d Dist.), citing *State v. Watkins,* 2010-Ohio-740, ¶ 40 (2d Dist.), citing *State v. Brooke,* 2007-Ohio-1533, ¶ 47.

{¶ 15} Lastly, although Colvin contends that the trial court did not make the necessary findings to authorize the imposition of consecutive sentences, the trial court was not required to make such findings because the cases involved an agreed sentence. "An agreed sentence that involves a discretionary decision to impose consecutive sentences is 'authorized by law' and unreviewable on appeal even if the trial court fails to make the consecutive-sentence findings." *State v. Morgan*, 2018-Ohio-3198, ¶ 22 (2d Dist.), citing *State v. Sergent*, 2016-Ohio-2696, ¶ 29.

{¶ 16} Under these circumstances, we cannot say that the trial court erred in its sentencing of Colvin. The court's sentence of 15 to 20 years fell within the statutorily

range authorized by law, was jointly recommended by the defendant and prosecutor, and was imposed by the trial judge. Because all three conditions in R.C. 2953.08(D) were satisfied, the agreed sentence is not reviewable on appeal. Colvin's sole assignment of error is overruled.

{¶ 17} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and LEWIS, J., concur.