**[Cite as *State v. Webster*, 2025-Ohio-2169.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2024-CA-56 |
| Appellee | : | |
| | : | Trial Court Case No. 22-CR-0869 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| KYLE WEBSTER | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on June 20, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

[[Applied Signature]]
_____
CHRISTOPHER B. EPLEY, PRESIDING JUDGE


[[Applied Signature 2]]
_____
MARY K. HUFFMAN, JUDGE


[[Applied Signature 3]]
_____
ROBERT G. HANSEMAN, JUDGE

**OPINION**
CLARK C.A. No. 2024-CA-56

THOMAS W. KIDD, JR., Attorney for Appellant
CHRISTOPHER P. LANESE, Attorney for Appellee

EPLEY, P.J.

{¶ 1} Kyle Webster pled guilty in the Clark County Court of Common Pleas to carrying a concealed weapon and improper handling of a firearm in a motor vehicle, both fourth-degree felonies. The trial court imposed an aggregate 24-month prison term and ordered the forfeiture of the firearm, as agreed by the parties. Webster appeals from his conviction, claiming that the trial court erred in imposing consecutive 12-month sentences without making any statutory findings. For the following reasons, the trial court's judgment is affirmed.

**I. Facts and Procedural History**

{¶ 2} On November 15, 2022, Springfield police officers initiated a traffic stop of the vehicle Webster was driving. After detecting an odor of marijuana, Webster admitted to having marijuana in his ashtray. He also consented to a search of his vehicle during which officers located a Springfield XDM 9mm handgun with 20 rounds of ammunition in the glove compartment. Webster was not permitted to carry a firearm due to a prior felony conviction for carrying a concealed weapon.

{¶ 3} Webster was indicted for carrying a concealed weapon and improper handling of a firearm in a motor vehicle, both fourth-degree felonies. The indictment also sought the forfeiture of the gun found in the glove compartment of his car.

{¶ 4} Trial was originally set for August 22, 2023. Webster failed to appear for trial,

and a capias was issued for his arrest.   He was apprehended in July 2024.

{¶ 5} On August 16, 2024, Webster pled guilty to the charged offenses, and the court proceeded immediately to sentencing.   The parties jointly recommended a sentence of 24 months in prison and forfeiture of the firearm.   The court accepted the recommendation and imposed 12 months in prison on each count, to be served consecutively, and ordered the forfeiture of the firearm.

{¶ 6} The court's written judgment entry reflected its oral pronouncement.   The trial court further indicated that, because the parties had agreed to consecutive sentences, it was not required to make specific findings that were otherwise necessary to impose consecutive sentences.   It further found that the aggregate 24-month prison term was "an appropriate, fair, and just disposition given the facts and circumstances of the case and the law."

{¶ 7} Webster appeals from his conviction, raising one assignment of error.

## II. Consecutive Sentences

{¶ 8} In his sole assignment of error, Webster claims that the trial court erred in imposing consecutive sentences.   He argues that the trial court made no findings under R.C. 2929.14(C)(4) and provided no rationale for the consecutive sentences.   Webster thus contends that the record fails to clearly and convincingly support the imposition of consecutive sentences.   While acknowledging that the sentence was jointly recommended, Webster maintains that the trial court nevertheless should have analyzed whether consecutive sentences were proper.

{¶ 9} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2).   *State v. Marcum*, 2016-Ohio-1002, ¶ 9.   Under that statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) the

record does not support certain specified findings or (2) the sentence imposed is contrary to law.  *State v. King*, 2024-Ohio-5347, ¶ 11 (2d Dist.)

{¶ 10} Generally, agreed sentences are not reviewable on appeal.  R.C. 2953.08(D)(1) provides: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."  "If all three conditions are met, the defendant may not appeal the sentence."  *State v. Brown*, 2021-Ohio-2327, ¶ 16 (2d Dist.), quoting *State v. Underwood*, 2010-Ohio-1, ¶ 15-16; *State v. Charriez*, 2022-Ohio-489, ¶ 32 (2d Dist.).

{¶ 11} Here, Webster does not dispute that the individual 12-month sentences were within the sentencing range for a fourth-degree felony.  *See* R.C. 2929.14(A)(4) (maximum prison term for a fourth-degree felony is 18 months).  The parties jointly recommended that Webster serve 24 months in prison, and the trial court imposed consecutive sentences totaling the agreed 24-month sentence.

{¶ 12} Webster claims that concurrent sentences were nevertheless required (and, presumably, that his sentence is appealable as not authorized by law), because the trial court made no findings to support the imposition of consecutive sentences.

{¶ 13} It is generally presumed that prison terms will be served concurrently.  R.C. 2929.41(A); *State v. Bonnell*, 2014-Ohio-3177, ¶ 16, 23.  However, after determining the sentence for a particular crime, a sentencing judge has discretion to order an offender to serve individual counts of a sentence consecutively to each other or to sentences imposed by other courts. *State v. Dillon*, 2020-Ohio-5031, ¶ 44 (2d Dist.).  To impose consecutive sentences, the trial court usually must make certain findings under R.C. 2929.14(C)(4).

{¶ 14} Where the trial court imposes an agreed sentence involving nonmandatory

consecutive sentences, as was the case here, the court is not required to make findings under R.C. 2929.14(C)(4). *State v. Colvin*, 2025-Ohio-292, ¶ 15 (2d Dist.). "An agreed sentence that involves a discretionary decision to impose consecutive sentences is 'authorized by law' and unreviewable on appeal even if the trial court fails to make the consecutive-sentence findings." *State v. Morgan*, 2018-Ohio-3198, ¶ 22 (2d Dist.), citing *State v. Sergent*, 2016-Ohio-2696, ¶ 29-30. This is the case here. Accordingly, Webster's assignment of error is overruled.

### III. Conclusion

{¶ 15} The trial court's judgment is affirmed.

. . . . . . . . . . . .

HUFFMAN, J. and HANSEMAN, J., concur.